**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

WYESHA WATTS,      )
            )
    Plaintiff,    )
            )    NO.
v.           )
            )
AURORA CHICAGO LAKESHORE )
HOSTPIAL, LLC, d/b/a CHICAGO  )    JURY DEMANDED
LAKESHORE HOSTPIAL; SIGNATURE )
HEALTHCARE SERVICES, LLC;  )
KRONOS, INC.,      )
            )
    Defendants,   )
            )
            )

<u>**NOTICE OF REMOVAL**</u>

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN**

**DISTRICT OF ILLINOIS, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants SIGNATURE HEALTHCARE SERVICES, LLC

and AURORA CHICAGO LAKESHORE HOSPTIAL, LLC, and KRONOS INCORPORATED

("Defendants"), by and through their undersigned counsel, or by affirmative consent given to the

undersigned counsel, contemporaneously with the filing of this Notice, hereby effect removal of the

above-referenced action from the Chancery Division of the Circuit Court of Cook County, Illinois to

the United States District Court for the Northern District of Illinois. This removal is based on 28

U.S.C. section 1446 and, specifically on the following grounds:

**I. STATEMENT OF JURISDICTION**

  1.  This action is a civil action over which the Court has original jurisdiction pursuant to

the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d). CAFA grants district

courts original jurisdiction over civil class actions filed under federal or state law in which any

member of a class of plaintiffs is a citizen of a state different from any defendant, and where the amount in controversy for the putative class members in the aggregate exceeds $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with United States Code, Title 28, section 1446. Here, as set forth below, this case meets all of CAFA's requirements for removal because the proposed class contains at least 100 members, there is diversity between at least one putative class member and one Defendant and the amount in controversy for all class members exceeds $5,000,000. *See id.*

## II.   VENUE

2.     The action was filed in the Chancery Division of the Circuit Court of Cook County, Illinois. Venue properly lies in the United States District Court for the Northern District of Illinois, Eastern Division, because it is the district court where the state court action is pending. *See* 28 U.S.C. §§ 84(c), 1391(a), 1441(a).

3.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(c), 1391(a), 1441(a).

## III.   STATUS OF THE PLEADINGS

4.     The lawsuit arises out of the employment of Plaintiff Wyesha Watts ("Plaintiff") with Defendant Aurora Chicago Lakeshore Hospital, LLC. On September 20, 2017, Plaintiff electronically filed a Class Action Complaint and Demand for Jury Trial in the Chancery Division of the Circuit Court of Cook County, Illinois, entitled *Wyesha Watts, individually and on behalf of all others similarly situated v. Aurora Chicago Lakeshore Hospital, LLC, d/b/a Chicago Lakeshore Hospital, Signature Healthcare Services, LLC, and Kronos Inc.,* Case No. 2017-CH-12756 ("Complaint"). A true and correct copy of the docket and complete court file as of October 24, 2017 is attached to this Notice as **Exhibit A** pursuant to 28 U.S.C. § 1446(a). The court file contains the following documents:  Complaint; Summons to Aurora Chicago Lakeshore Hospital and Affidavit of

Service; Summons to Signature Healthcare Services and Affidavit of Service; Alias Summons to Kronos Incorporated and receipt for payment of Alias Summons; "Exhibit B" (19 pages); Order dated October 17, 2017.

5.      The Complaint states the following causes of action: (1) Violation of [The Illinois Biometric Information Privacy Act ("BIPA")] 740 ILCS 14/1, *et seq*. (On Behalf of Plaintiff and the Class); and (2) Negligence (On Behalf of Plaintiff and the Class).

6.      On September 25, 2017, Plaintiff purportedly served the Summons and Complaint on Defendant Signature Healthcare Services, LLC. (See **Exhibit B**, Declaration of Mary A Smigielski ["Smigielski Decl."] ISO Notice of Removal, ¶ 3.) On September 25, 2017, Plaintiff purportedly served the Summons and Complaint on Defendant Aurora Chicago Lakeshore Hospital, LLC. (See Smigielski Decl. ¶ 4.) On October 24, 2017, Counsel for Defendant Kronos Incorporated spoke with Counsel for Defendants Signature Healthcare Services and Aurora Chicago Lakeshore Hospital, LLC. Counsel for Kronos Incorporated stated that Kronos had been served on October 5, 2017 and consented to the removal of this action. (See Smigielski Decl. ¶ 5.)

7.      To Defendants' knowledge, as of the date of this Notice of Removal, no other parties have been named or served with a copy of the Summons and Complaint.

8.      To Defendants' knowledge, no other pleadings, or process related to this case have been filed in the Chancery Division of the Circuit Court of Cook County, Illinois.

## IV.    NOTICE TO STATE COURT AND TO PLAINTIFF'S COUNSEL

9.      Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Northern District of Illinois, written notice of the removal will be given by the undersigned to Plaintiff's counsel of record, Ryan F. Stephan, James B. Zouras, Andrew C. Ficzko, and Haley R. Jenkins of Stephan Zouras, LLP. A copy of this Notice of Removal will also be filed

contemporaneously with the Clerk of the Chancery Division of the Circuit Court of Cook County, Illinois, as required by 28 U.S.C. § 1446(d).

## V.    TIMLINESS OF REMOVAL

10.    A notice of removal in a civil action must be filed within thirty (30) days after service of the Summons and Complaint. 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (holding that the 30-day removal period begins to run upon service of the Summons and Complaint). Here, this matter was filed electronically on September 20, 2017. Defendants Aurora Chicago Lakeshore Hospital, LLC and Signature Healthcare Services, LLC were served on September 25, 2017. (Smigielski Decl. ¶¶ 3 & 4.) As such, this Notice of Removal is timely.

## VI.    JURISDICTION UNDER CAFA

11.    This Court properly exercises jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act of 2005 ("CAFA").

12.    CAFA grants federal district courts original jurisdiction over civil class action lawsuits in which any plaintiff is a citizen of a state different from any defendant, and where the matters amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446. As set forth below, this case meets each CAFA requirement for removal, and is timely and properly removed by filing of this Notice. Specifically, this Court has jurisdiction over this case under CAFA because it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendants are not states, state officials or other governmental entities; (3) there is diversity between at least one class member and one Defendant; and (4) the amount in controversy for all class members exceeds $5,000,000.

13. **The Proposed Class Contains More Than 100 Members**. As set forth in her Complaint, Plaintiff is pursuing her alleged claims on "her own behalf and as a representative of all other similarly-situated individuals" who she define as "[a]ll individuals who worked for Defendants in the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by the Defendants during the applicable statutory period."[1] (**Exhibit A** at ¶ 52 [Complaint].) Plaintiff thus includes in her putative class both current and former employees of Defendants, who worked throughout the entire State of Illinois, and who had their fingerprints "collected, captured, received, otherwise obtained, or disclosed by the Defendants." (*See id.*) In this regard, the proposed definition of allegedly "similarly-situated" individuals, as alleged by Plaintiffs, consists of at least 723 individuals. (*See* **Exhibit C**, Declaration of David Fletcher-Janzen ISO Notice of Removal ["Fletcher-Janzen Decl."], ¶ 6.)

14. **Defendants Are Not A Governmental Entity**. Defendants Aurora Chicago Lakeshore Hospital, LLC and Signature Healthcare Services, LLC are not a state, a state official, or any other governmental entity. (*See* **Exhibit D**, Declaration of Laura Sanders ["Sanders Decl."] ¶ 7.) Defendant Kronos Incorporated is not a state, a state official, or any other governmental entity. (*See* **Exhibit A** at ¶ 12 (Plaintiff's allege that "Defendant Kronos, Inc., is a Massachusetts corporation registered to do business in Illinois.")

15. **Plaintiff's Citizenship Is Diverse from Defendant Signature Healthcare Services, LLC**. CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b). Minimal diversity of citizenship exists here because Plaintiff and Defendant Signature Healthcare Services,

---

[1] Defendants note that this is an improper "fail safe" class definition, as it limits class membership such that the definition presupposes success on the merits. *See Messner v. Northshore Univ. HealthSystem,* 669 F.3d 802, 825 (7th Cir. 2012).

LLC are citizens of different states for the purposes of CAFA, since Plaintiff is an Illinois resident while Defendant is a citizen of Michigan and California. (**Exhibit A** at ¶ 9; Sanders Decl. ¶¶ 4, 6.)

16.     **Plaintiff Is a Citizen of Illinois.** For diversity purposes, a person is a "citizen" of the state in which they are domiciled. *See Galva Foundry Co. v. Heiden*, 924 F.2d 729, 730 (7th Cir. 1991) (citing *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915)). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *Galva Foundry*, 924 F.2d at 730.

17.     In a class action, only the citizenship of the named parties is considered for diversity purposes, not the citizenship of putative class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969).

18.     According to her Complaint, Plaintiff "is a resident and citizen of the State of Illinois." (**Exhibit A** at ¶ 9 [Complaint].) This allegation by Plaintiff establishes that she is a citizen of the State of Illinois. *See Steigleder v. McQuesten,* 198 U.S. 141, 142 (1905) (allegations of citizenship in a complaint are sufficient to sustain a *prima facie* case of jurisdiction, so far as jurisdiction depends on citizenship).

19.     **Defendant Signature Healthcare Services, LLC Is Not a Citizen of Illinois**. Pursuant to 28 U.S.C. 1332(d)(2) "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or citizen or subject of a foreign state." Pursuant to 28 U.S.C. 1332(d)(10) "for the purposes of [CAFA]...an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized.

20.     Defendant Signature Healthcare Services, LLC is an unincorporated association (a limited liability company) organized under the laws of the State of Michigan. (Sanders Decl. ¶ 4.)

21.     Although courts previously employed one of a number of tests to determine a corporation's "principal place of business," the United States Supreme Court has clarified this uncertainty and announced a single, uniform test to be applied in making such a determination. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010). In this regard, the Court held that the "nerve center" test is used to determine a corporation's "principal place of business." *Id.* To this end, the Court reasoned that a corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.* In other words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id.* at 1193. Although the *Hertz* Court did not articulate a precise test by which to determine the location of a corporation's "nerve center," prior lower court decisions applying the "nerve center" test are instructive in this regard. Specifically, courts have previously considered the following list of non-exclusive factors in determining a corporation's "nerve center" (which is the same for an unincorporated business for the purposes of CAFA):

    a.     where management decisions are made;

    b.     where its general counsel is located;

    c.     the place of its principal office; and

    d.     where its officers are located.

*See e.g., Ratner v. Hecht*, 621 F. Supp. 378, 380 (1985); *see also Chamberlain Mfg. Corp. v. Maremont Corp.*, 828 F. Supp. 589, 592, (1993).

22. The "nerve center" of Signature Healthcare Services, LLC is indisputably located in Corona, California and Troy, Michigan:

      a.     Signature Healthcare Services, LLC maintains two corporate offices. One office is located in Troy, Michigan. The other is located in Corona, California;

      b.     Signature Healthcare Services, LLC manages its day-to-day operations and makes all corporate decision at or between its two corporate offices in Corona, California and Troy, Michigan;

      c.     Signature Healthcare Services, LC's Legal Department, Accounting Department, and Human Resources Department are based out of its Troy, Michigan corporate office;

      d.     Signature Healthcare Services, LLC's Chief Executive Officer, Chief Financial Officer, Chief Accounting Officer, Executive Vice President, and Corporate VP of Clinical Services are based out of its Corona, California office;

      e.     The sole member of Signature Healthcare Services, LLC is a Michigan resident. (Sanders Decl. ¶¶ 4-6.)

23. Accordingly, minimal diversity exists between Plaintiff, a citizen of Illinois, and Defendant Signature Healthcare Services, LLC, a citizen of Michigan and California.

24. **The Amount In Controversy Exceeds the Jurisdictional Minimum.** As is detailed below, under section VII, the amount in controversy exceeds $5,000,000.

## VII.   AMOUNT IN CONTROVERSY

25. For the purposes of removal, Defendants bear only the burden of describing how the controversy exceeds $5,000,000. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Since the amount in controversy is a pleading requirement and not a proof issue, Defendants need not "confess liability in order to show that the controversy exceeds the threshold." *Id.* at 449.

Instead, Defendants need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" in their notice of removal. *Dart Cherokee Basin Operating Co., LLC v. Owens.* 135 S. Ct. 547, 554 (2014). Once Defendants have plausibly suggested that the relief exceeds $5,000,000, then the case remains in federal court unless the plaintiff can show it is legally impossible to recover that much. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008).

26.     Looked at from a pleading standpoint, "part of the removing party's burden is to show not only what the stakes of the litigation *could be*, but also what they *are* given the plaintiff's actual demands." *Brill*, 427 F.3d at 449 (emphasis in original). However, Defendants need only supply a "good-faith estimate" of the amount in controversy. *See, e.g., ABM Sec. Servs., Inc. v. Davis*, 646 F.3d 475, 476 (7th Cir. 2011); *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011) ("A good-faith estimate is acceptable if it is plausible and adequately supported by the evidence.").

27.     CAFA authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. *See* 28 U.S.C. § 1332(d). The Complaint places more than $5,000,000 in controversy. While Defendants deny Plaintiff's allegations of wrongdoing and deny their claim for relief thereon, the facial allegations in Plaintiff's Complaint and the total amount of statutory damages, emotional distress damages, attorneys' fees, and other monetary relief at issue in this action is in excess of this Court's jurisdictional minimum, *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (facts presented in notice of removal, combined with plaintiff's allegations, sufficient to support finding that jurisdictional minimum was satisfied), as follows:

a.     Plaintiff asserts claims for herself and the putative class for: (1) Violation of 740 ILCS 14/1, *et seq.* ("BIPA"); and (2) Negligence. (**Exhibit A** [Complaint].)

b.      Plaintiff does not assert a relevant time period regarding the claims at issue in this matter, only "the applicable statutory period." (**Exhibit A, ¶ 52.**) However, civil suits by aggrieved employees are governed by the limitations provisions of the Illinois Code of Civil Procedure, which provides for a 10-year statute of limitations for the allegations asserted here. 735 ILCS 5/13-1010 *et seq.*, *Clark v. Western Union Tel. Co.*, 141 Ill.App.3d 174, 95 Ill. Dec. 563, 490 N.E.2d 36. Further, Defendant Aurora Chicago Lakeshore Hospital, LLC began using Kronos timekeeping equipment that uses employees' fingerprints as a means of authentication at its facility on approximately March 17, 2015. (Fletcher-Janzen Decl. ¶ 5.) As such, non-exempt employees of Defendant Aurora Chicago Lakeshore Hospital, LLC used their fingerprints to clock in for each shift they worked at Defendant Aurora Chicago Lakeshore Hospital, LLC's facility since approximately March 17, 2015. (Fletcher-Janzen Decl. ¶ 6.)

c.      Based on records maintained by Defendant Aurora Chicago Lakeshore Hospital, LLC, 723 current or former non-exempt employees of Defendant Aurora Chicago Lakeshore Hospital, LLC have been registered in the Kronos systems using their fingerprints as a means of authentication. (Fletcher-Janzen Decl. ¶ 6.) As such, the "class of similarly-situated employees" asserted by Plaintiff, consists of at least 723 individuals. (**Exhibit A, ¶ 52.**)

d.      Plaintiff also prays for relief in the form of an Order: "Awarding statutory damages of **$5,000 for *each* willful** and/or reckless violation of BIPA or, in the alternative, statutory damages of **$1,000 for *each* negligent** violation of BIPA…" (**Exhibit A,** "Prayer for Relief," Item C [emphasis in original].)

e.      Plaintiff alleges the following violations of BIPA: (1) failure to provide a publicly available retention schedule or guidelines for permanently destroying their employees' biometric identifier and biometric information as specified by BIPA; (2) failure to properly inform

Plaintiff or the putative class in writing that their biometric identifiers and/or biometric information were being collected and stored; (3) failure to inform Plaintiff or the putative class in writing of the specific purpose and length of term for which their biometric identifiers and/or biometric information as specified by BIPA; (4) failure to obtain informed written consent from Plaintiff or the putative class members prior to collecting, using, and storing their biometric identifiers and/or biometric information; and (5) disclosure of Plaintiff's and the putative class' biometric identifiers and/or biometric information without first obtaining informed written consent. (**Exhibit A, ¶¶ 62-76.**)

        f.     Plaintiff further alleges that "Defendants had actual knowledge of the BIPA as well as their acts and omissions, which violate [BIPA's] requirements. (**Exhibit A, ¶ 7.**) This furthers Plaintiff's claim "[o]n behalf of herself and the Class…[for] statutory damages of $5,000 for each willful and/or reckless violation of BIPA" that she alleges in her complaint. (**Exhibit A, ¶ 76.**)

        g.     Defendants deny Plaintiff's claims of BIPA violations. Nonetheless, if Plaintiff were to prove her allegations that Defendants willfully and/or recklessly violated BIPA in even two separate and distinct ways and received damages for *each* violation, as alleged, it would amount to **$7,230,000** (2 willful and/or reckless violations at $5,000 per violation x 723 employees). Accordingly, the amount in controversy for Plaintiff's alleged BIPA violations easily surpasses the $5,000,000 amount in controversy requirement for CAFA jurisdiction.

        h.     **Other Claims**. Though the jurisdictional minimum amount in controversy is met and easily surpassed by conservative estimates of Plaintiff's BIPA claims, Plaintiff's remaining claims bolster Defendants' position that the amount in controversy, as alleged in Plaintiff's complaint, exceed $5,000,000. Specifically, Plaintiff seeks: (i) declaratory relief in the form of an order declaring that Defendants' conduct constitutes negligence and awarding Plaintiff and the

putative class damages in an amount to be calculated at trial; (ii) reasonable attorneys' fees and costs and other litigation expenses[2]; and (iii) pre- and post-judgment interest.

28. Based on the foregoing, under CAFA, Plaintiff's claims for damages, attorneys' fees, and other monetary relief exceed the $5,000,000 jurisdictional minimum of this Court, as required by 28 U.S.C. § 1332(d). As a result, although Defendants deny Plaintiff's claims of wrongdoing and deny their requests for relief thereon, based upon the facial allegations of Plaintiff's Complaint, the total amount of monetary relief sought by Plaintiff exceeds CAFA's $5,000,000 threshold, even based on conservative calculations.

31. Removal of this matter is therefore appropriate.

Dated October 25, 2017.

/s/ *Mary A. Smigielski*
Attorney for Defendants Signature
Healthcare Services, LLC and Aurora
Chicago Lakeshore Hospital, LLC.

Mary A. Smigielski (ARDC No. 6243913)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 345-1718
F: (312) 345-1778
Mary.Smigielski@lewisbrisbois.com

---

[2] It is well settled that "an award of fees is properly considered in addition to compensatory damages[.]" *Smith v. Am. Gen'l Life & Accident Ins. Co.*, 337 F.3d 888, 896-97 (7th Cir. 2003).

# Exhibit A

# Cook County
# Clerk of the Circuit Court
### Electronic Docket Search
Chancery, Domestic/Child Support, Civil and Law Divisions

---

| Case Information Summary for Case Number |
|---|
| 2017-CH-12756 |

---

Filing Date: 09/20/2017

Division: Chancery Division

Ad Damnum: $0.00

Case Type: CLASS ACTION

District: First Municipal

Calendar: 07

### Party Information

**Plaintiff(s)**

WATTS WYESHA

**Attorney(s)**

STEPHAN ZOURAS LLP
205 N MICHIGAN 2560
CHICAGO IL, 60601
(312) 233-1550

**Defendant(s)**

AURORA CHICAGO
LAKESHORE

KRONOS INCORPORATED

SIGNATURE
HEALTHCARE SERV

**Defendant Date of Service**

**Attorney(s)**

### Case Activity

Activity Date: 09/20/2017

Participant: WATTS WYESHA

CLASS ACTION COMPLAINT FILED (JURY DEMAND)

Court Fee: 598.00

Attorney: STEPHAN ZOURAS LLP

Activity Date: 09/20/2017

Participant: AURORA CHICAGO LAKESHORE

SUMMONS ISSUED AND RETURNABLE

Activity Date: 09/20/2017

Participant: SIGNATURE HEALTHCARE SERV

SUMMONS ISSUED AND RETURNABLE

Activity Date: 09/20/2017

Participant: KRONOS INCORPORATED

SUMMONS ISSUED AND RETURNABLE

Activity Date: 09/20/2017                    Participant: WATTS WYESHA

CASE ELECTRONICALLY FILED

Attorney: STEPHAN ZOURAS LLP


Activity Date: 09/21/2017                    Participant: WATTS WYESHA

CASE SET ON CASE MANAGEMENT CALL

Date: 01/19/2018                   Judge: LARSEN, DIANE J.
Court Time: 1000                   Attorney: STEPHAN ZOURAS LLP
Court Room: 2405


Activity Date: 09/25/2017          Participant: AURORA CHICAGO LAKESHORE

SUMMONS - RETD P.S.

Date: 09/25/2017


Activity Date: 09/25/2017          Participant: SIGNATURE HEALTHCARE SERV

SUMMONS - RETD P.S.

Date: 09/25/2017


Activity Date: 10/03/2017                    Participant: WATTS WYESHA

ALIAS SUMMONS ISSUED AND RETURNABLE

Court Fee: 6.00                    Attorney: STEPHAN ZOURAS LLP


Activity Date: 10/05/2017                    Participant: WATTS WYESHA

MOTION SCHEDULED (MOTION COUNTER ONLY)

Date: 10/17/2017                   Attorney: STEPHAN ZOURAS LLP
Court Time: 0930


Activity Date: 10/05/2017                    Participant: WATTS WYESHA

***CERTIFY CLASS(SET FOR MOTION HEARING)

Attorney: STEPHAN ZOURAS LLP


Activity Date: 10/05/2017          Participant: KRONOS INCORPORATED

ALIAS SUMMONS - RETD P.S.

Date: 10/05/2017


Activity Date: 10/05/2017                    Participant: WATTS WYESHA

EXHIBITS FILED

Attorney: STEPHAN ZOURAS LLP

Activity Date: 10/05/2017                    Participant: WATTS WYESHA

EXHIBITS FILED

Attorney: STEPHAN ZOURAS LLP

Activity Date: 10/17/2017                    Participant: WATTS WYESHA

MOTION TO - CONTINUED -

Date: 01/19/2018
Court Time: 0930                             Judge: LARSEN, DIANE J.

Back to Top

Please note: Neither the Circuit Court of Cook County nor the Clerk of the
Circuit Court of Cook County warrants the accuracy, completeness, or the currency
of this data. This data is not an official record of the Court or the Clerk and may
not be represented as an official court record.

If data does not appear in a specific field, we likely do not have the responsive data
in our master database.

Start a New Search

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
CALENDAR: 07
PAGE 1 of 21
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| WYESHA WATTS, individually, and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| AURORA CHICAGO LAKESHORE HOSPITAL, LLC, d/b/a CHICAGO LAKESHORE HOSPITAL; SIGNATURE HEALTHCARE SERVICES, LLC; KRONOS, INC., ) ) ) ) ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |

## COMPLAINT

Plaintiff Wyesha Watts brings this Complaint ("Complaint") against Defendants Aurora Chicago Lakeshore Hospital, LLC, Signature Healthcare Services, LLC, and Kronos, Inc. (collectively, "Defendants"), individually and on behalf of others as a class action pursuant to the Illinois Code of Civil Procedure, 735 ILCS §§ 5/2-801 and 2-802 against Defendants to put a stop to Defendants' unlawful collection, use, storage, and disclosure of Plaintiff's and the proposed Class' sensitive biometric data. Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### NATURE OF THE ACTION

1.      Defendant Aurora Chicago Lakeshore Hospital, d/b/a Chicago Lakeshore Hospital, is based in Chicago, Illinois, and operates a mental health clinic and psychiatric hospital in Illinois

and in this Circuit. Upon information and belief, Aurora Chicago Lakeshore Hospital is a wholly owned subsidiary of Signature Healthcare Services, LLC.

2.      Chicago Lakeshore Hospital uses a biometric time tracking system that requires employees to use their fingerprint as a means of authentication. When employees begin their jobs at Chicago Lakeshore Hospital, they are required to have their fingerprint scanned by a Kronos timekeeping device and are enrolled in the employee database.

3.      Although there may be benefits to using biometric time clocks in the workplace, there are also serious risks. Unlike ID badges or time cards – which can be changed or replaced if stolen or compromised – fingerprints are unique, permanent biometric identifiers associated with each employee. These biometrics are biologically unique to the individual; therefore, once compromised, the individual has no recourse and is at a heightened risk for identity theft. This exposes employees to serious and irreversible privacy risks. For example, if a fingerprint database is hacked, breached, or otherwise exposed in the same manner as the recent Equifax breach, employees have no means to prevent the misappropriation and theft of their own biometric makeup.  Unlike social security numbers or other financial information, biometric data is part of Plaintiffs' physical being and cannot be changed.

4.      Recognizing the need to protect its citizens from harms like these, Illinois enacted the Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, *et seq.*, specifically to regulate the collection, use, safeguarding, handling, storage, retention, and destruction of biometric identifiers and information.

5.      Notwithstanding the clear and unequivocal requirements of the law, Chicago Lakeshore Hospital and Aurora Behavioral Health Care disregard their employees' statutorily protected privacy rights and unlawfully collect, store, and use their biometric data in direct

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 2 of 21

violation of the BIPA. Specifically, Defendants have violated and continue to violate the BIPA because they failed and continue to fail to:

a.    Inform Plaintiff or the Class in writing of the specific purpose and length of time for which their fingerprints were being collected, stored, and used, as required by the BIPA;

b.    Provide a publicly available retention schedule and guidelines for permanently destroying Plaintiff's and the Class's fingerprints, as required by the BIPA; and

c.    Receive a written release from Plaintiff or the members of the Class to collect, capture, or otherwise obtain their fingerprints, as required by the BIPA.

6.    Upon information and belief, Defendants also violate the BIPA by disclosing employee fingerprint data to an out-of-state third-party vendor, Kronos.

7.    Defendants had actual knowledge of the BIPA as well as their acts and omissions, which violate its requirements.

8.    Accordingly, Plaintiff, individually and on behalf of the putative Class, seeks an Order: (1) declaring that Defendants' conduct violates the BIPA; (2) requiring Defendants to cease their unlawful conduct as alleged herein; and (3) awarding statutory damages to Plaintiff and the proposed Class.

## PARTIES

9.    Plaintiff Wyesha Watts is a resident and citizen of the State of Illinois.

10.   Aurora Chicago Lakeshore Hospital, LLC, d/b/a Chicago Lakeshore Hospital, is an Illinois limited liability company registered to do business in the County of Cook and the State of Illinois.

11.   Signature Healthcare Services, LLC, is a Michigan limited liability company registered to conduct business with the Illinois Secretary of State. Signature Healthcare Services,

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 3 of 21

LLC, conducts business in the County of Cook and the State of Illinois. Upon information and belief, Aurora Chicago Lakeshore Hospital, LLC, is a wholly owned subsidiary of Signature Health Services, LLC.

12.     Defendant Kronos, Inc., is a Massachusetts corporation registered to do business in Illinois. Kronos conducts business in Illinois by providing biometric timekeeping devices to companies throughout the state, including Chicago Lakeshore Hospital.

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 4 of 21

## JURISDICTION AND VENUE

13.     This Court has jurisdiction over Defendants pursuant to 735 ILCS 5/2-209 because Defendants conduct business in Illinois, are registered to conduct business in Illinois, and committed the statutory violations alleged herein in Illinois.

14.     Venue is proper in Cook County because Defendants maintain places of business in Cook County, conduct business in Cook County, and committed the statutory violations alleged herein in Cook County and throughout Illinois.

## FACTUAL BACKGROUND

**I.    The Biometric Information Privacy Act.**

15.     In the early 2000s, major national corporations started using Chicago and other locations in Illinois to test "new [consumer] applications of biometric-facilitated financial transactions, including finger-scan technologies at grocery stores, gas stations, and school cafeterias." 740 ILCS 14/5(c). Given its relative infancy, an overwhelming portion of the public became weary of this then-growing yet unregulated technology. *See* 740 ILCS 14/5.

16.     In late 2007, a biometrics company called Pay by Touch, which provided major retailers throughout the State of Illinois with fingerprint scanners to facilitate consumer transactions, filed for bankruptcy. That bankruptcy was alarming to the Illinois Legislature because

suddenly there was a serious risk that millions of fingerprint records – which, like other unique biometric identifiers, can be linked to people's sensitive financial and personal data – could now be sold, distributed, or otherwise shared through the bankruptcy proceedings without adequate protections for Illinois citizens. The bankruptcy also highlighted the fact that most consumers who had used that company's fingerprint scanners were completely unaware that the scanners were not actually transmitting fingerprint data to the retailer who deployed the scanner, but rather to the now-bankrupt company, and that their unique biometric identifiers could now be sold to unknown third parties.

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 5 of 21

17.     Recognizing the "very serious need [for] protections for the citizens of Illinois when it [came to their] biometric information," Illinois enacted the BIPA in 2008. *See* Illinois House Transcript, 2008 Reg. Sess. No. 276; 740 ILCS 14/5.

18.     The BIPA achieves its goal by making it unlawful for a private entity to, among other things, "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first:

     a.     Informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored;

     b.     Informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

     c.     Receives a written release executed by the subject of the biometric identifier or biometric information."

*See* 740 ILCS 14/15(b).

19.     The BIPA specifically applies to employees who work in the State of Illinois. The BIPA defines a "written release" specifically "in the context of employment [as] a release executed by an employee as a condition of employment." 740 ILCS 14/10.

5

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 6 of 21

20. Biometric identifiers include retina and iris scans, voiceprints, scans of hand and face geometry, and – most importantly here – fingerprints. *See* 740 ILCS 14/10. Biometric information is separately defined to include any information based on an individual's biometric identifier that is used to identify an individual. *Id.*

21. The BIPA also establishes standards for how employers must handle Illinois citizens' biometric identifiers and biometric information. *See, e.g.,* 740 ILCS 14/15(c)-(d). For example, the BIPA prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosures. *See* 740 ILCS 14/15(d)(1).

22. The BIPA also prohibits selling, leasing, trading, or otherwise profiting from a person's biometric identifiers or biometric information (740 ILCS 14/15(c)) and requires private entities to develop and comply with a written policy – made available to the public – establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting such identifiers or information has been satisfied or within three years of the individual's last interaction with the private entity, whichever occurs first. 740 ILCS 14/15(a).

23. The Illinois legislature enacted the BIPA due to the increasing use of biometric data in financial and security settings, the general public's hesitation to use biometric information, and – most significantly – the unknown ramifications of biometric technology. Biometrics are biologically unique to the individual and, once compromised, an individual has no recourse and is at heightened and permanent risk for identity theft.

24. Ultimately, the BIPA is simply an informed consent statute. Its narrowly tailored provisions place no absolute bar on the collection, sending, transmitting or communicating of

biometric data. For example, the BIPA does not limit what kinds of biometric data may be collected, sent, transmitted, or stored. Nor does the BIPA limit to whom biometric data may be collected, sent, transmitted, or stored. The BIPA simply mandates that entities wishing to engage in that conduct must put in place certain reasonable safeguards.

## II.  Defendants Violate the Biometric Information Privacy Act.

25.     By the time the BIPA passed through the Illinois Legislature in mid-2008, many companies who had experimented using biometric data as an authentication method stopped doing so. That is because Pay By Touch's bankruptcy, described in Section I above, was widely publicized and brought attention to consumer fear and apprehension over the use of their biometric data. Despite the recognized dangers of using biometric data in the private sector, employers have failed to follow leads in dropping it as an identification method. In fact, many employers now require their employees to register their biometric data, viewing it as a cost-effective method of authentication.

26.     Defendants failed to take note of the shift in Illinois law governing the collection and use of biometric data. As a result, Defendants continue to collect, store, and use the biometric data of its employees in direct violation of the BIPA.

27.     Specifically, when employees are hired at Chicago Lakeshore Hospital, they are required to have their fingerprints scanned in order to enroll them in its employee database.

28.     Chicago Lakeshore Hospital uses an employee time tracking system that requires employees to use their fingerprint as a means of authentication. Unlike a traditional timeclock, employees have to use their fingerprints to "punch" in and out of work.

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 7 of 21

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 8 of 21

29.     Chicago Lakeshore Hospital fails to inform its employees of the extent of the purposes for which it collects their sensitive biometric data or to whom the data is disclosed, if at all.

30.     Chicago Lakeshore Hospital similarly fails to provide its employees with a written, publicly available policy identifying its retention schedule, and guidelines for permanently destroying its employees' fingerprints when the initial purpose for collecting or obtaining their fingerprints is no longer relevant, as required by the BIPA. An employee who leaves the company, like Plaintiff here, does so without any knowledge of when their biometric identifiers will be removed from Chicago Lakeshore Hospital's databases—or if they ever will.

31.     The Pay by Touch bankruptcy that catalyzed the passage of the BIPA highlights why conduct such as Chicago Lakeshore Hospital's – where employees are aware that they are providing biometric identifiers but are not aware of to whom or the full extent of the reason they are doing so – is dangerous. That bankruptcy spurred Illinois citizens and legislators into realizing that it is crucial for individuals to understand when providing biometric identifiers such as a fingerprint who exactly is collecting their biometric data, where it will be transmitted and for what purposes, and for how long.

32.     In the event of a breach similar to the recent Equifax data breach of Defendants' fingerprint database, Plaintiff and the Class would be at risk of having more than just personal identifying information stolen. Rather, their permanent biometric information would be exposed, putting them at risk for identity theft, financial harm and dangers we may not yet be able to fathom.

33.     Defendants disregard their obligations under the law and instead unlawfully collect, store, and use their employees' biometric identifiers and information, without ever receiving the individual informed written consent required by the BIPA.

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 9 of 21

34.     Chicago Lakeshore Hospital's employees are not told what might happen to their biometric data if and when their local stores go out of business or, worse, if and when Chicago Lakeshore Hospital's entire business folds.

35.     Because Chicago Lakeshore Hospital neither publishes a BIPA-mandated data retention policy nor discloses the purposes for its collection of biometric data, its employees have no idea whether Chicago Lakeshore Hospital sells, discloses, re-discloses, or otherwise disseminates their biometric data. Nor are Plaintiff and the putative Class told to whom Chicago Lakeshore Hospital currently discloses their biometric data, or what might happen to their biometric data in the event of a merger or a bankruptcy.

36.     By and through the actions detailed above, Chicago Lakeshore Hospital does not only disregard the Class' privacy rights but also violates the BIPA.

## III.    Plaintiff Wyesha Watts' Experience

37.     Plaintiff Wyesha Watts worked for Chicago Lakeshore Hospital in Chicago, Illinois, from February 22, 2016, to May 28, 2017.

38.     As an employee, Watts was required to scan her fingerprint to enable Chicago Lakeshore Hospital to use it as an authentication method to track her time.

39.     Chicago Lakeshore Hospital subsequently stored Watts' fingerprint data in its database(s).

40.     Each time Watts began and ended her workday, she was required to scan her fingerprint.

41.     Watts has never been informed of the specific limited purposes (if any) or length of time for which Chicago Lakeshore Hospital collected, stored, or used her fingerprint.

9

42.     Watts has never been informed of any biometric data retention policy developed by Chicago Lakeshore Hospital, nor has she ever been informed of whether Chicago Lakeshore Hospital will ever permanently delete her fingerprint.

43.     Watts has never been provided nor did she ever sign a written release allowing Chicago Lakeshore Hospital to collect or store her fingerprints.

44.     Watts has continuously and repeatedly been exposed to the harms and risks created by Chicago Lakeshore Hospital's violations of the BIPA alleged herein.

45.     A showing of actual damages is not necessary in order to state a claim under the BIPA. Nonetheless, Watts suffered an invasion of a legally protected interest when Chicago Lakeshore Hospital secured her personal and private biometric data at a time when it had no right to do so, an invasion of Watts' right to privacy. The BIPA protects employees like Watts from this precise conduct, and Chicago Lakeshore Hospital had no right to secure this data absent a specific congressional license to do so.

46.     Watts also suffered an informational injury because Chicago Lakeshore Hospital failed to provide her with information to which she was entitled to by statute. Through the BIPA, the Illinois Congress has created a right – an employee's right to receive certain information prior to an employer securing their highly personal and private biometric data – and an injury – not receiving this extremely critical information.

47.     Pursuant to 740 ILCS 14/15(b), Watts was entitled to receive certain information prior to Chicago lakeshore Hospital securing her biometric data; namely, information advising her of the specific limited purpose(s) and length of time for which it collects, stores, and uses her fingerprint; information regarding Chicago Lakeshore Hospital's biometric retention policy; and, a written release allowing Chicago Lakeshore Hospital to collect and store her private biometric

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 10 of 21

10

data. By depriving Watts of this information, Chicago Lakeshore Hospital injured Watts and the putative Class she seeks to represent. *Public Citizen v. U.S. Department of Justice*, 491 U.S. 440, 449 (1989); *Federal Election Commission v. Akins*, 524 U.S. 11 (1998).

48.    Finally, as a result of Chicago Lakeshore Hospital's conduct, Watts has experienced personal injury in the form of mental anguish. For example, Watts experiences mental anguish and injury when contemplating about what would happen to her biometric data if Chicago Lakeshore Hospital went bankrupt, whether it will ever delete her biometric information, and whether (and to whom) it shares her biometric information.

49.    As Watts is not required to allege or prove actual damages in order to state a claim under the BIPA, she seeks statutory damages under the BIPA as compensation for the injuries Chicago Lakeshore Hospital has caused.

## CLASS ALLEGATIONS

50.    Pursuant to 735 ILCS 5/2-801 and §2-802, Named Plaintiff brings claims on her own behalf and as a representative of all other similarly-situated individuals pursuant to the BIPA, 740 ILCS 14/1, *et seq.*, seeking injunctive relief as well as statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed.

51.    As discussed *supra*, Section 14/15(b) of the BIPA prohibits a private entity from, among other things, collecting, capturing, purchasing, receiving through trade, or otherwise obtaining a person's or a customer's biometric identifiers or biometric information, unless it first (1) informs the individual in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the individual in writing of the specific purpose and length of time for which a biometric identifier or biometric information is being collected, stored, and used; *and* (3) receives a written release executed by the subject of the biometric identifier or biometric

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 11 of 21

11

information. 740 ILCS 14/15.

52.     Plaintiff seeks class certification for the following class of similarly-situated employees under the BIPA:

> All individuals who worked for Defendants in the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by the Defendants during the applicable statutory period.

53.     This action is properly maintainable as a class action under Section 2-801 because:

A.      The class is so numerous that joinder of all members is impracticable;

B.      There are questions of law or fact that are common to the class;

C.      The claims of the Named Plaintiff are typical of the claims of the class; and,

D.      The Named Plaintiff will fairly and adequately protect the interests of the class.

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 12 of 21

### Numerosity

54.     The exact number of Class members is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendants have collected, captured, received, or otherwise obtained biometric identifiers or biometric information from hundreds or more employees who fall into the definition of the Class. The exact number of class members may easily be determined from Chicago Lakeshore Hospital's payroll records.

### Commonality

55.     There is a well-defined commonality of interest in the substantial questions of law and fact concerning and affecting the Class in that Named Plaintiff and all members of the Class have been harmed by Defendants' failure to comply with the BIPA. The common questions of law and fact include, but not limited to the following:

A.      Whether Defendants collected, captured or otherwise obtained biometric identifiers or biometric information of Plaintiff and the Class;

12

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 13 of 21

B. Whether Defendants informed Plaintiff and the Class of their purposes for collecting, using, and storing their biometric identifiers or biometric information as required by the BIPA;

C. Whether Defendants obtained a written release (as defined in 740 ILCS 14/10) to collect, use, and store the biometric identifiers or biometric information of Plaintiff and the Class;

D. Whether Defendants have disclosed or re-disclosed the biometric identifiers or biometric information of Plaintiff and the Class;

E. Whether Defendants have sold, leased, traded, or otherwise profited from the biometric identifiers or biometric information of Plaintiff and the Class;

F. Whether Defendants developed a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of their last interaction, whichever occurs first;

G. Whether Defendants comply with any such written policy (if one exists);

H. Whether Defendants used fingerprints of Plaintiff and the Class to identify them;

I. Whether Defendants' violations of the BIPA were committed negligently; and

J. Whether Defendants' violations of the BIPA were committed willfully.

56. Plaintiff anticipates that Defendants will raise defenses that are common to the class.

### Adequacy

57. The Named Plaintiff will fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Named Plaintiff and class members. Plaintiff, moreover, has retained experienced counsel that are competent in the prosecution of complex litigation and who have extensive experience acting as class counsel.

13

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 14 of 21

### Typicality

58.     The claims asserted by the Named Plaintiff are typical of the class members he seeks to represent. The Named Plaintiff has the same interests and suffers from the same unlawful practices as the class members.

59.     Upon information and belief, there are no other class members who have an interest individually controlling the prosecution of his or her individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer.

### Predominance and Superiority

60.     The common questions identified above predominate over any individual issues, which will relate solely to the quantum of relief due to individual class members. A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense if these claims were brought individually. Moreover, as the damages suffered by each class member are relatively small in the sense pertinent to class action analysis, the expenses and burden of individual litigation would make it difficult for individual class members to vindicate their claims.

61.     On the other hand, important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for the adjudication of individual litigation and claims would be substantially more than if claims are treated as a class action. Prosecution of separate actions by individual class members would create a risk of

inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants and/or substantially impair or impede the ability of class members to protect their interests. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to, fashion methods to efficiently manage this action as a class action.

<div align="center">

**FIRST CAUSE OF ACTION**
**Violation of 740 ILCS 14/1, *et seq.***
**(On Behalf of Plaintiff and the Class)**

</div>

62.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

63.     The BIPA requires private entities to obtain informed written consent from consumers before acquiring their biometric data. Specifically, the BIPA makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject…in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject…in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; ***and*** (3) receives a written release executed by the subject of the biometric identifier or biometric information…." 740 ILCS 14/15(b) (emphasis added).

64.     The BIPA also prohibits private entities from disclosing a person's or customer's biometric identifier or biometric information without first obtaining consent for that disclosure. *See* 740 ILCS 14/15(d)(1).

65.     The BIPA also mandates that private entities in possession of biometric data establish and maintain a satisfactory biometric data retention – and, importantly, deletion – policy. Specifically, those entities must: (i) make publicly available a written policy establishing a

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 15 of 21

retention schedule and guidelines for permanent deletion of biometric data (at most three years after the entity's last interaction with the customer); and (ii) actually adhere to that retention schedule and actually delete the biometric information. *See* 740 ILCS 14/15(a).

66. Defendants fail to comply with these BIPA mandates.

67. Defendant Aurora Chicago Lakeshore Hospital, LLC, d/b/a Chicago Lakeshore Hospital, is an Illinois limited liability company registered to do business in Illinois and thus qualifies as a "public entity" under the BIPA. *See* 740 ILCS 14/10.

68. Defendant Signature Healthcare Services, LLC, is a Michigan limited liability company registered to do business in Illinois and thus qualifies as a "public entity" under the BIPA. *See* 740 ILCS 14/10.

69. Plaintiff and the Class are individuals who had their "biometric identifiers" collected by Defendants (in the form of their fingerprints), as explained in detail in Sections II and III, *supra*. *See* 740 ILCS 14/10.

70. Plaintiff's and the Class's biometric identifiers were used to identify them and, therefore, constitute "biometric information" as defined by the BIPA. *See* 740 ILCS 14/10.

71. Defendants systematically and automatically collected, used, stored, and disclosed Plaintiff's and the Class's biometric identifiers or biometric information without first obtaining the written release required by 740 ILCS 14/15(b)(3).

72. Upon information and belief, Defendants systematically disclosed Plaintiff's and the Class's biometric identifiers and biometric information to an out-of-state third-party vendor, Kronos.

73. Defendants did not properly inform Plaintiff or the Class in writing that their biometric identifiers or biometric information were being collected and stored, nor did it inform

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 16 of 21

them in writing of the specific purpose and length of term for which their biometric identifiers or biometric information was being collected, stored, and used as required by 740 ILCS 14/15(b)(1) – (2).

74.     Defendants do not provide a publicly available retention schedule or guidelines for permanently destroying its employees' biometric identifiers and biometric information as specified by the BIPA. *See* 740 ILCS 14/15(a).

75.     By negligently, recklessly or willfully collecting, storing, and using Plaintiff's and the Class's biometric identifiers and biometric information as described herein, Defendants violated Plaintiff's and the Class's rights to privacy in their biometric identifiers or biometric information as set forth in the BIPA. *See* 740 ILCS 14/1, *et seq.*

76.     On behalf of herself and the Class, Plaintiff seeks: (1) declaratory relief; (2) injunctive and equitable relief as is necessary to protect the interests of Plaintiff and the Class by requiring Defendants to comply with the BIPA's requirements for the collection, storage, and use of biometric identifiers and biometric information as described herein; (3) statutory damages of $5,000 for each willful and/or reckless violation of the BIPA or, in the alternative, statutory damages of $1,000 for each negligent violation of the BIPA pursuant to 740 ILCS 14/20(1); and (4) reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3).

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 17 of 21

### SECOND CAUSE OF ACTION
**Negligence**
**(On Behalf of Plaintiff and the Class)**

77.     Plaintiff incorporates the foregoing allegations as if fully set forth herein.

78.     Defendants owed Plaintiff and the Class a duty of reasonable care. That duty required that Defendants exercise reasonable care in the collection and use of the biometric data of Plaintiff and the Class.

79.     Additionally, Defendants owed Plaintiff and the Class a heightened duty – under which Defendants assumed a duty to act carefully and not put Plaintiff and the Class at undue risk of harm – because of the employment relationship of the parties.

80.     Defendants breached their duties by failing to implement reasonable procedural safeguards in connection with their collection and use of the biometric identifiers and biometric information of Plaintiff and the Class.

81.     Specifically, Defendants breached their duties by failing to properly inform Plaintiff and the Class in writing of the specific purpose or length for which their fingerprints were being collected, stored, and used.

82.     Defendants also breached their duties by failing to provide a publicly available retention schedule and guidelines for permanently destroying the biometric data of Plaintiff and the Class.

83.     Defendants' breach of their duties proximately caused and continues to cause an invasion of privacy to Plaintiff and the Class, as well as informational injury to them.

84.     Accordingly, Plaintiff seeks an order declaring that Defendants' conduct constitutes negligence and awarding Plaintiff and the Class damages in an amount to be calculated at trial.

### PRAYER FOR RELIEF

Wherefore, Plaintiff Wyesha Watts, on behalf of herself, individually, and on behalf of the Class, respectfully requests that this Court enter an Order:

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 18 of 21

A. Certifying this case as a class action on behalf of the Class defined above, appointing Plaintiff Wyesha Watts as Class Representative, and appointing Stephan Zouras, LLP, as Class Counsel;

B. Declaring that Defendants' actions, as set forth above, violate BIPA;

C. Awarding statutory damages of $5,000 for *each* willful and/or reckless violation of BIPA or, in the alternative, statutory damages of $1,000 for *each* negligent violation of BIPA pursuant to 740 ILCS 14/20(1);

D. Declaring that Defendants' actions, as forth out above, constitute negligence;

E. Declaring that Defendants' actions, as set forth above, were willful;

F. Awarding injunctive and other equitable relief as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendants to collect, store, and use biometric identifiers or biometric information in compliance with BIPA;

G. Awarding Plaintiff and the Class their reasonable attorneys' fees and costs and other litigation expenses pursuant to 740 ILCS 14/20(3);

H. Awarding Plaintiff and the Class pre- and post-judgment interest, to the extent allowable; and

I. Awarding such other and further relief as equity and justice may require.

## JURY TRIAL

Plaintiff demands a trial by jury for all issues so triable.

Date: September 20, 2017             Respectfully Submitted,

<div style="margin-left:50%">

*/s/ Ryan F. Stephan*
Ryan F. Stephan
James B. Zouras
Andrew C. Ficzko
Haley R. Jenkins
**STEPHAN ZOURAS, LLP**

</div>

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 19 of 21

19

205 N. Michigan Avenue
Suite 2560
Chicago, Illinois 60601
312.233.1550
312.233.1560 *f*
Firm ID: 43734
lawyers@stephanzouras.com

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 20 of 21

## CERTIFICATE OF SERVICE

I, the attorney, hereby certify that on September 20, 2017, I electronically filed the attached with the Clerk of the Court using the ECF system which will send such filing to all attorneys of record.

<div align="right">/s/ Ryan F. Stephan</div>

ELECTRONICALLY FILED
9/20/2017 4:14 PM
2017-CH-12756
PAGE 21 of 21

Summons - Alias Summons                                                                                     (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

WYESHA WATTS

                            v.                          No.  2017-CH-12756

AURORA CHICAGO LAKESHORE HOSP.;                         Defendant Address:
SIGNATURE HEALTHCARE SERVICES;                          AURORA CHICAGO LAKESHORE HOSP.
KRONOS INCORPORATED                                     R/A NORTHWEST REGISTERED AGENT
                                                        1900 E. GOLF RD.
                                                        STE. 950A
                                                        SCHAUMBURG, IL 60173

☑ SUMMONS   ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802_____ ,Chicago, Illinois 60602

☐ District 2 - Skokie          ☐ District 3 - Rolling Meadows      ☐ District 4 - Maywood
  5600 Old Orchard Rd.           2121 Euclid 1500                    Maybrook Ave.
  Skokie, IL 60077               Rolling Meadows, IL 60008           Maywood, IL 60153

☐ District 5 - Bridgeview      ☐ District 6 - Markham              ☐ Richard J. Daley Center
  10220 S. 76th Ave.             16501 S. Kedzie Pkwy.               50 W. Washington, LL-01
  Bridgeview, IL 60455           Markham, IL 60428                   Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 43734                              Witness:          Wednesday, 20 September 2017

Name:  STEPHAN ZOURAS LLP                       /s DOROTHY BROWN

Atty. for:  WYESHA WATTS                        DOROTHY BROWN, Clerk of Court

Address:  205 N MICHIGAN 2560

City/State/Zip Code:  CHICAGO, IL 60601         Date of Service: _____

Telephone:  (312) 233-1550                      (To be inserted by officer on copy left with Defendant or other person)

Primary Email Address:  rstephan@stephanzouras.com

Secondary Email Address(es):                    **Service by Facsimile Transmission will be accepted at:

kbowers@stephanzouras.com
                                                _____
                                                (Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

Summons - Alias Summons                                                                 (12/31/15) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

WYESHA WATTS

v.

No. 2017-CH-12756

AURORA CHICAGO LAKESHORE HOSP.;

Defendant Address:

SIGNATURE HEALTHCARE SERVICES;

SIGNATURE HEALTHCARE SERVICES

KRONOS INCORPORATED

R/A NORTHWEST REGISTERED AGENT

1900 E. GOLF RD.

STE. 950A

SCHAUMBURG, IL 60173

☑ SUMMONS ☐ ALIAS - SUMMONS

To each defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802_____ ,Chicago, Illinois 60602

☐ District 2 - Skokie          ☐ District 3 - Rolling Meadows       ☐ District 4 - Maywood
   5600 Old Orchard Rd.           2121 Euclid 1500                     Maybrook Ave.
   Skokie, IL 60077               Rolling Meadows, IL 60008            Maywood, IL 60153

☐ District 5 - Bridgeview      ☐ District 6 - Markham                ☐ Richard J. Daley Center
   10220 S. 76th Ave.            16501 S. Kedzie Pkwy.                  50 W. Washington, LL-01
   Bridgeview, IL 60455          Markham, IL 60428                      Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: 43734

Witness:          Wednesday, 20 September 2017

Name: STEPHAN ZOURAS LLP

/s DOROTHY BROWN

Atty. for: WYESHA WATTS

DOROTHY BROWN, Clerk of Court

Address: 205 N MICHIGAN 2560

City/State/Zip Code: CHICAGO, IL 60601

Date of Service:_____

Telephone: (312) 233-1550

(To be inserted by officer on copy left with Defendant or other person)

Primary Email Address: rstephan@stephanzouras.com

Secondary Email Address(es):

**Service by Facsimile Transmission will be accepted at:

kbowers@stephanzouras.com

_____    _____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1



# SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS
## AFFIDAVIT OF SERVICE



*0 2 5 4 3 6 8 2 *

CASE NUMBER: 17CH12756    MULT.SER. 2    DOC. TYPE: CHANCERY

DIE DATE: 10/13/2017    RECEIVED DATE: 9/21/2017    FILED DATE: 09/20/2017    DIST: 173 SK
12:00:00 PM

| DEFENDANT | PLANTIFF |
|---|---|
| AURORA CHICAGO LAKESHORE HOSP | WATTS, WYESHA |
| 1900 E GOLF RD | **ATTORNEY** |
| SCHAUMBURG, IL 60173 | STEPHAN ZOURAS LLP |
| STE 950A | 205 N MICHIGAN 2560 |
| | CHICAGO, IL 60601 |
| | (312) 233-1550 |

FILED
CH-
SEP 27 2017
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

**ATTACHED FEE AMOUNT:**

**SERVICE INFORMATION:**    RM 802 RA NORTHWEST RA

I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:

_____ **(1) PERSONAL SERVICE:**

BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

_____ **(2) SUBSTITUTE SERVICE:**

BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS.  ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE _____ DAY OF _____ 20_____.

_____ **(3) UNKNOWN OCCUPANTS:**

BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

**X** **(4) CORP/CO/BUS/PART:**

BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION _____ COMPANY  _X_ BUSINESS _____ PARTNERSHIP _____

_____ **(5) PROPERTY RECOVERED:**

NO ONE PRESENT TO RECEIVE ORDER OF COURT.  ORDER POSTED IN PLAIN VIEW.

_____ **(6) S.O.S./D.O.I.:**

BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE.  ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

_____ **(7) CERTIFIED MAIL**

***** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT *****

_____ **(8)**    AND BY MAILING ON THE _____ DAY OF _____ 20_____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE  WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| _____ (01) NO CONTACT | _____ (05) WRONG ADDRESS | _____ (09) DECEASED |
| _____ (02) MOVED | _____ (06) NO SUCH ADDRESS | _____ (10) NO REGISTERED AGENT |
| _____ (03) EMPTY LOT | _____ (07) EMPLOYER REFUSAL | _____ (11) OUT OF COOK COUNTY |
| _____ (04) NOT LISTED | _____ (08) CANCELLED BY PLAINTIFF ATTY | _____ (12) OTHER REASON (EXPLAIN) |

EXPLANATION:

ATTEMPTED SERVICES

WRIT SERVED ON:  _Ruby Montejano_    DATE _9/25_    TIME (AM/PM) _1:40_    STAR # _10483_

SEX: M (F)    RACE: _H_    AGE: _28_

THIS _25_ DAY OF _Sep_, 20 _17_

Thomas J. Dart
SHERIFF, BY: _O'Brien  10483_, DEPUTY

OFFICE

MOC087



# SHERIFF'S OFFICE OF COOK COUNTY, ILLINOIS
## AFFIDAVIT OF SERVICE

`* 0 2 5 4 3 6 8 3 *`

| | | |
|---|---|---|
| CASE NUMBER: 17CH12756 | MULT.SER. 2 | DOC. TYPE: CHANCERY |
| **DIE DATE: 10/13/2017** | RECEIVED DATE: 9/21/2017 12:00:00 PM | FILED DATE: **09/20/2017** DIST: 173 SK |

**DEFENDANT**
SIGNATURE HEALTHCARE SERVICES
1900 E GOLF RD
SCHAUMBURG, IL 60173
STE 950A

**PLANTIFF**
WATTS, WYESHA
**ATTORNEY**
STEPHAN ZOURAS LLP
205 N MICHIGAN 2560
CHICAGO, IL 60601
(312) 233-1550

**ATTACHED FEE AMOUNT:**

SEP 27 2017

**SERVICE INFORMATION:** RM 802 RA NORTHWEST RA

CLERK
OF COURT

I CERTIFY THAT I SERVED THE DEFENDANT/RESPONDENT AS FOLLOWS:

_____ **(1) PERSONAL SERVICE:**
BY LEAVING A COPY OF THE WRIT/ORDER WITH THE DEFENDANT/RESPONDENT PERSONALLY, AND INFORMING DEFENDANT/RESPONDENT OF CONTENTS.

_____ **(2) SUBSTITUTE SERVICE:**
BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT AT THE DEFENDANT'S USUAL PLACE OF ABODE WITH A FAMILY MEMBER OR PERSON RESIDING THERE, 13 YEARS OR OLDER, AND INFORMING THAT PERSON OF THE CONTENTS OF THE SUMMONS. ALSO, A COPY OF THE SUMMONS WAS MAILED TO THE DEFENDANT AT HIS OR HER USUAL PLACE OF ABODE ON THE _____ DAY OF _____ 20_____.

_____ **(3) UNKNOWN OCCUPANTS:**
BY LEAVING A COPY OF THE SUMMONS AND COMPLAINT NAMING "UNKNOWN OCCUPANTS" WITH A PERSON OF THE AGE OF 13 OR UPWARDS OCCUPYING SAID PREMISE.

X **(4) CORP/CO/BUS/PART:**
BY LEAVING THE APPROPRIATE NUMBER OF COPIES OF THE SUMMONS, COMPLAINTS, INTERROGATORIES, JUDGMENTS, CERTIFICATIONS AND NOTICES WITH THE REGISTERED AGENT, AUTHORIZED PERSON OR PARTNER OF THE DEFENDANT CORPORATION _____ COMPANY __X__ BUSINESS _____ PARTNERSHIP _____

_____ **(5) PROPERTY RECOVERED:**
NO ONE PRESENT TO RECEIVE ORDER OF COURT. ORDER POSTED IN PLAIN VIEW.

_____ **(6) S.O.S./D.O.I.:**
BY LEAVING THE SUMMONS AND COMPLAINT WITH THE SECRETARY OF THE STATE/DIRECTOR OF INSURANCE OF THE STATE OF ILLINOIS, AN AGENT OF SAID DEFENDANT LISTED ABOVE. ANY AGENT OF SAID CORPORATION NOT FOUND IN THE COUNTY OF COOK.

_____ **(7) CERTIFIED MAIL**
***** COMPLETE THIS SECTION IF WRIT IS A THIRD PARTY CITATION/GARNISHMENT *****

_____ **(8)** AND BY MAILING ON THE _____ DAY OF _____ 20_____ A COPY OF THE THIRD PARTY GARNISHMENT/CITATION SUMMONS AND NOTICE TO THE JUDGMENT DEBTOR'S LAST KNOWN ADDRESS AS INDICATED IN THE NOTICE WITHIN (2) BUSINESS DAYS OF SERVICE UPON GARNISHEE/THIRD PARTY DEFENDANT.

**THE NAMED DEFENDANT WAS NOT SERVED FOR THE GIVEN REASON BELOW:**

| | | |
|---|---|---|
| (01) NO CONTACT | (05) WRONG ADDRESS | (09) DECEASED |
| (02) MOVED | (06) NO SUCH ADDRESSS | (10) NO REGISTERED AGENT |
| (03) EMPTY LOT | (07) EMPLOYER REFUSAL | (11) OUT OF COOK COUNTY |
| (04) NOT LISTED | (08) CANCELLED BY PLAINTIFF ATTY | (12) OTHER REASON (EXPLAIN) |

EXPLANATION: _____

| | ATTEMPTED SERVICES | | |
|---|---|---|---|
| WRIT SERVED ON: RUBY MONTE JANO | DATE | TIME (AM/PM) | STAR # |
| SEX: M (F)  RACE: H  AGE: 28 | 9/25 | 1:40 | 10483 |
| THIS 25 DAY OF SEP, 2017 | | : | |
| Thomas J. Dart | | : | |
| SHERIFF, BY: O'BRIEN 10483, DEPUTY | | : | |

OFFICE

MOC087

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, __Chancery__ DIVISION

__Wyesha Watts__
(Name all parties)

v.

__Aurora Chicago Lakeshore Hosp.; Signature__
__Healthcare Services; Kronos Inc.__

No. __2017-CH-12756__

Kronos Incorporated
R/A CT Corporation System
208 So. LaSalle St.
Suite 814
Chicago, IL 60604

☐ **SUMMONS** ☑ **ALIAS SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __802__, Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ **District 2 - Skokie** 5600 Old Orchard Rd. Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows** 2121 Euclid Rolling Meadows, IL 60008 | ☐ **District 4 - Maywood** 1500 Maybrook Ave. Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview** 10220 S. 76th Ave. Bridgeview, IL 60455 | ☐ **District 6 - Markham** 16501 S. Kedzie Pkwy. Markham, IL 60428 | ☐ **Child Support** 28 North Clark St., Room 200 Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, ~~DOROTHY BROWN~~ OCT 03 2017

Atty. No.: __43734__

Name: __Stephan Zouras, LLP__

Atty. for: __Wyesha Watts__

Address: __205 N. Michigan Ave. 2560__

City/State/Zip: __Chicago, IL 60601__

Telephone: __312-233-1550__

Service by Facsimile Transmission will be accepted at: _____

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY Gold: 4. COPY

```
CLERK OF THE CIRCUIT COURT - COOK COUNTY
00161648 Chancery-01 10/3/2017 9:37AM
ATTY: 43734   024 VERONICB
AD DAMNUM:                        $0.00
CASE NO: 2017CH12756    CALENDAR: 7
COURT DATE: 0/0/0000 12:00AM
CASE TOTAL: $6.00
Alias Summons                    $6.00
CREDIT CARD:                     $6.00
CHANGE                           $0.00

RECEIPT 0001 OF 0001
TRANSACTION TOTAL:               $6.00

              THANK YOU
```

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
CALENDAR: 07
PAGE 1 of 19
CIRCUIT COURT OF
COOK COUNTY, ILLINOIS
CHANCERY DIVISION
CLERK DOROTHY BROWN

# EXHIBIT B

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

WYESHA WATTS, individually, and on behalf )
of all others similarly situated,                         )
                                                                            )
                              Plaintiff,                             )
                                                                            )          Case No. 17-CH-12756
              v.                                                        )
                                                                            )
AURORA CHICAGO LAKESHORE                           )
HOSPITAL, LLC, d/b/a CHICAGO                        )          AFFIDAVIT OF
LAKESHORE HOSPITAL; SIGNATURE              )          RYAN F. STEPHAN
HEALTHCARE SERVICES, LLC; KRONOS,        )
INC.,                                                                 )
                                                                            )
                              Defendants.                        )

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 2 of 19

I, Ryan F. Stephan, being first duly cautioned, swears and affirms as follows:

1. I am one of Plaintiff's Counsel in the above-referenced matter.

2. I submit this Affidavit in support of Plaintiff's Motion for Class Certification and Request for Discovery on Certification Issues.

3. I am a founder and principal of the law firm of Stephan Zouras, LLP. Attached hereto as Exhibit 1 is a true and correct copy of the firm's resume.

FURTHER YOUR AFFIANT SAYETH NOT.

Date: October 5, 2017                          /s/ Ryan F. Stephan
                                                              Ryan F. Stephan

Subscribed and sworn to
before me on this 5th day of
October, 2017

ANDREW C. FICZKO
OFFICIAL SEAL
Notary Public, State of Illinois
My Commission Expires
December 04, 2017

Notary Public

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 3 of 19

# EXHIBIT 1

# STEPHAN ZOURAS, LLP
### 205 N. Michigan Ave. Suite 2560
### Chicago, IL 60601
### 312-233-1550
### www.stephanzouras.com

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 4 of 19

## FIRM PROFILE

***STEPHAN ZOURAS, LLP*** is a law firm concentrating on helping people in class and individual civil litigation. The firm's attorneys have broad litigation, trial and appellate experience in the areas of wage and hour law and other employment disputes, mass torts and catastrophic personal injury, consumer protection, products liability and other complex litigation.

Our Chicago-based firm actively litigates cases in federal and state courts throughout the United States. The firm's two founding partners, James B. Zouras and Ryan F. Stephan, have successfully prosecuted claims ranging from individual wrongful death and other catastrophic injury cases to complex, multi-district class and collective actions on behalf of over one hundred thousand individuals against many of the largest corporations in the world.

## PRINCIPAL ATTORNEYS

**James B. Zouras** is a founder and principal of Stephan Zouras, LLP. A 1995 graduate of DePaul University College of Law, Jim served as Editor of the Law Review, graduated in the top 10% of his class and was admitted to the Order of the Coif. Jim has helped thousands of people recover tens of millions of dollars in damages in individual and class actions arising under federal wage and hour laws including the Fair Labor Standards Act ("FLSA") and comparable state wage laws, other complex litigation, and catastrophic personal injury actions involving wrongful death, vehicle crashes, products liability, premises liability and construction negligence. Jim has been appointed lead or co-lead counsel on a large number of contested class actions throughout the United States. He has successfully tried over a dozen jury trials and argued over 14 appeals as lead appellate counsel before the federal and state appellate courts. In 2000, Jim was named among the *Chicago Daily Law Bulletin's* "Top 40 Lawyers Under Age 40," one of the youngest lawyers ever bestowed that honor. Jim and his cases have been profiled by numerous media outlets including the Chicago Tribune, the Chicago Sun-Times, Bloomberg BNA, Billboard Magazine and TMZ. Jim has also been interviewed by CBS Consumer Watch. Jim is frequently invited as a speaker at national class action litigation seminars.

**Ryan F. Stephan** is a founder and principal of Stephan Zouras, LLP. A 2000 graduate from Chicago Kent College of Law, Ryan has helped thousands of clients recover damages in cases involving unpaid overtime, employment disputes, business litigation, products liability and personal injury. Ryan has successfully tried cases to verdict including obtaining a $9,000,000 verdict on behalf of 200 employees who were misclassified and denied overtime pay. Ryan has also served as lead or co-lead counsel on numerous complex class and collective action cases involving wage and hour matters and has helped recover damages for tens of thousands of wronged employees. In these cases, Ryan has helped establish precedent in wage and hour law, forced major corporations to change unlawful employment practices and helped recover tens of millions of

1

dollars in unpaid wages for his clients. Ryan and his cases have been profiled by numerous media outlets including Good Morning America, Fortune, ESPN, Fox News, The Guardian, The New York Times, Think Progress, USA Today and Vice Sports.

Mr. Stephan and Mr. Zouras are admitted to the United States Supreme Court as well as the Trial Bar of the United States District Court for the Northern District of Illinois. In addition, they have been admitted or admitted *pro hac vice* to prosecute class actions in the Southern and Eastern Districts of New York, the District of New Jersey, the Eastern and Middle Districts of Pennsylvania, the Western District of North Carolina, the Superior Court for the State of California, the Central District of Illinois, , the District of Minnesota the Eastern District of Michigan, the Eastern District of Missouri, the District of Maryland, the Southern District of Ohio, the Northern, Middle and Southern Districts of Florida, the Northern District of Texas, the District of Massachusetts, the District of Minnesota, the First Judicial District of Pennsylvania, the Western District of Washington and the Southern and Northern Districts of Iowa.

In every consecutive year since 2009, *Chicago Magazine's* Super Lawyer Section selected both Jim and Ryan as two of the top attorneys in Illinois, a distinction given to no more than 5% of the lawyers in the state.

## PARTNERS

**Andrew C. Ficzko** graduated from Drake University Law School in 2009. A tireless advocate for working people, Andy has spent his entire professional career litigating on behalf of employees in class and collective actions nationwide. Andy has helped thousands of clients recover damages in cases involving unpaid minimum and overtime wages and other benefits. Andy served as the second chair in two major federal jury trials to verdict on behalf of Plaintiffs in wage and hour matters and one state jury trial to verdict on behalf of Plaintiffs in a breach of contract matter.

Andy has been admitted to the Trial Bar of the United States District Court for the Northern District of Illinois since December 2012 and has been admitted or admitted *pro hac vice* to the Southern District of New York, the Southern and Northern Districts of Iowa, District of Massachusetts, Eastern District of Pennsylvania, and the Western District of Washington.

In 2014, 2015, and 2016 Andy was recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

**Teresa M. Becvar** is a 2013 graduate of Chicago-Kent College of Law, where she served as Editor of the Law Review and graduated in the top 15% of her class. Teresa assists Stephan Zouras, LLP clients with employment and consumer protection issues. Teresa has experience working on a wide range of employment cases, including wage and hour class and collective actions and employment discrimination cases. Teresa has been admitted *pro hac vice* to the Eastern and Southern Districts of New York, the Western District of Washington, the Middle District of Florida and the Central District of California.

In 2016, Teresa was recognized by Chicago Magazine's Super Lawyer section as a Rising Star, a distinction given to no more than 2.5% of Illinois lawyers.

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 5 of 19

## ASSOCIATE ATTORNEYS

**Catherine T. Mitchell** graduated from The John Marshall Law School in 2015. Catherine litigates on behalf of Stephan Zouras, LLP's clients in both class action and individual litigation, representing people in a wide-range of legal disputes, including unpaid wages, employee misclassification, mass torts, antitrust, and consumer fraud. Catherine is an active member of the Women's Bar Association of Illinois and the Young Lawyers Society of the Chicago Bar Association, and served as a Chapter Editor for the Second Edition of BNA's Age Discrimination in Employment Act Treatise. Catherine is admitted to practice in Illinois, the District of Colorado, the Eastern District of Wisconsin (admission pending) and has been admitted *pro hac vice* to the Southern and Eastern District of New York, the District of Florida-Tampa Division, the Southern District of Iowa and the Eastern District of North Carolina.

**Haley R. Jenkins** graduated *cum laude* from Chicago-Kent College of Law in 2016. Haley litigates on behalf of Stephan Zouras, LLP's clients in both class action and individual litigation. A spirited advocate, Haley represents clients in legal disputes involving unpaid wages, employee misclassification, antitrust, consumer fraud, whistleblower actions, and *qui tam* cases. She is currently a member of the legal team pursuing the first-ever lawsuit for minimum wage violations on behalf of the cheerleading squad of an NBA team. Haley is admitted to practice in Illinois and the District of Colorado and has been admitted *pro hac vice* to the Middle District of Pennsylvania.

## OF COUNSEL

**David J. Cohen**, a highly skilled and successful class-action attorney, joined Stephan Zouras, LLP in April 2016 and manages our Philadelphia office. Dave has spent 22 years fighting to protect the rights of thousands of employees, consumers, shareholders, and union members. Before joining Stephan Zouras, Dave worked on, and ran, dozens of significant antitrust, consumer, employment and securities matters for four highly-regarded Philadelphia firms. Before joining the private sector, Dave completed a unique clerkship with the Hon. Stephen E. Levin in the Philadelphia Court of Common Pleas, during which he not only helped to develop a respected and efficient system for the resolution of the Court's class action cases, but also contributed to several well-regarded works on class actions. Dave earned a J.D. from the Temple University School of Law in 1994. While attending law school, Dave was awarded the Barristers Award for excellence in trial advocacy and worked as a teaching assistant for Hon. Legrome Davis (E.D. Pa.) as part of Temple's award-winning Integrated Trial Advocacy program. Dave graduated with honors from the University of Chicago in 1991.

Dave is admitted to practice in the United States Court of Appeals for the Third Circuit, the United States Court of Appeals for the Sixth Circuit, the United States District Court for the Eastern District of Pennsylvania, the United States District Court for the Middle District of Pennsylvania, the United States District Court for the Western District of Pennsylvania, the United States District Court for the District of New Jersey and the state courts of Pennsylvania and New Jersey. He is a member of the American and Philadelphia Bar Associations.

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 6 of 19

3

**Phillip J. Gibbons, Jr.**, a highly-accomplished Plaintiff's class action attorney in his own right, joined Stephan Zouras, LLP in June 2017 and manages our Charlotte office. Phil focuses entirely on employment law, with an emphasis on helping employees recover unpaid wages including overtime. Phil began his legal career with a large national law firm, representing and counseling corporations and employers. Since 2001, Phil has exclusively represented employees. Phil is recognized by his peers as a highly skilled employment lawyer. He is listed in Best Lawyers in America and Super Lawyers. In addition, he has a perfect 10.0 rating on Avvo.com and an "A/V" rating with Martindale Hubble, which is the highest rating an attorney can receive. Phil has extensive experience litigating single and multi-plaintiff wage and hour lawsuits under the Fair Labor Standards Act, recovering unpaid overtime and minimum wages for thousands of employees throughout the United States.

Phil is admitted to practice in North Carolina, Indiana, Seventh Circuit Court of Appeals, Sixth Circuit Court of Appeals, Third Circuit Court of Appeals, Tenth Circuit Court of Appeals, U.S. District Courts Western District North Carolina, Middle District North Carolina, Southern District of Indiana, Northern District of Indiana, and Eastern District of Michigan.

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 7 of 19

4

## REPRESENTATIVE TRIALS, VERDICTS AND JUDGMENTS

**Frisari v. DISH Network**                8/25/16 – Arbitration Judgment
**No. 18-160-001431-12 (AAA Arbitration)**
-The Arbitrator certified and granted final judgment in excess of seven figures for a class of over 1,000 New Jersey inside sales associates who performed work before and/or after their shifts without pay and were not paid the proper overtime rate when they worked in excess of 40 hours a week.

**Huskey v. Ethicon Inc.**                  9/10/2014 – Jury Verdict
No 2:12-cv-05201 (United States District Court for the Southern District of West Virginia)
-Stephan Zouras, LLP helped secure a $3,270,000.00 jury verdict in one of the bell-weather trial cases in the multi-district litigation against Johnson & Johnson's Ethicon unit for defective design, failure to warn and negligence related to transvaginal mesh device.

**Lee v. THR**                              5/22/14 – Trial Court Judgment
No. 12-cv-3078 (United States District Court for the Central District of Illinois)
-As a result of the efforts of class counsel Stephan Zouras, LLP, the Court entered a judgment for a class of employees given job titles such as "Buyers," "Auditors" and "Managers" for unpaid overtime in the sum of $12,207,880.84.

**Vilches et al. v. The Travelers Companies, Inc.**    12/12/12 - Arbitration Judgment
No. 11-160-000355-11 (American Arbitration Association)
-Following a contested evidentiary hearing, Stephan Zouras, LLP secured a significant monetary award on behalf of a group of insurance appraiser employees seeking unpaid earned overtime under the FLSA.

**Kyriakoulis, at al. v. DuPage Health Center**       11/8/12 - Jury Verdict
No. 10-cv-7902 (United States District Court for the Northern District of Illinois)
-Stephan Zouras, LLP achieved a favorable jury verdict on behalf of several medical assistants deprived of minimum and overtime wages in violation of federal and Illinois law.

**Smith v. Safety-Kleen Systems, Inc.**               7/11/12 - Jury Verdict
No. 10-cv-6574 (United States District Court for the Northern District of Illinois)
-Stephan Zouras, LLP achieved a favorable jury verdict on behalf of a chemical handler deprived of overtime wages in this donning and doffing action brought under the FLSA.

**Wong v. Wice Logistics**                            1/30/12 - Jury Verdict
No. 08 L 13380 (Circuit Court of Cook County, Illinois)
-Stephan Zouras, LLP recovered unpaid commissions and other damages for Plaintiff based on her claims under the Illinois Wage Payment and Collection Act.

**Daniels et al. v. Premium Capital Financing**       10/18/11 - Jury Verdict
No. 08-cv-4736 (United States District Court for the Eastern District of New York)
-Stephan Zouras, LLP were appointed lead class and trial counsel and achieved a jury verdict in excess of $9,000,000.00 on behalf of over 200 loan officers who were deprived of minimum wages and overtime pay.

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 8 of 19

**Ferrand v. Lopas**                                      **5/22/01 - Jury Verdict**
No. 00 L 2502 (Circuit Court of Cook County, Law Division, State of Illinois)
-Jury verdict in excess of available liability insurance policy limits entered in favor of seriously-injured pedestrian, resulting in liability against insurance carrier for its bad faith refusal to tender the policy limits before trial.

## REPRESENTATIVE RESOLVED CLASS AND COLLECTIVE ACTIONS

**Courts have appointed the firm's partners as lead or co-lead counsel in numerous class and collective actions in which they achieved six, seven and eight-figure verdicts or settlements including:**

**In re Sears Holdings Corporation Stockholder and Derivative Litigation**
**5/9/17 – Final Approval**
No. 11081-VCL (Court of Chancery of the State of Delaware)
-Stephan Zouras, LLP represented the Named Plaintiff in a $40 million settlement in connection with a 2015 sale by Sears of 235 properties to Seritage Growth Properties.

**Leiner v. Johnson & Johnson**                          **1/31/17 – Final Approval**
No. 15-cv-5876c (United States District Court for the Northern District of Illinois)
-The Court granted final approval for consumers nationwide in a consumer fraud class action. Stephan Zouras, LLP represented consumers who were deceived into paying premium prices for Johnson & Johnson baby bedtime products which falsely claimed to help babies sleep better.

**McPhearson v. 33 Management**                          **11/3/16 – Final Approval**
No. 15-ch-17302 (Circuit Court of Cook County, IL)
-The Court granted final approval of class settlement on behalf of tenants of a Chicago apartment building where the landlords violated the City of Chicago Residential Landlord and Tenant Ordinance by collecting and holding tenant security deposits without paying interest earned.

**Cook v. Bank of America**                              **8/2/16 – Final Approval**
No. 15-cv-07718 (United States District Court for the Northern District of Illinois)
-The Court granted final approval of $3,250,000 settlement for an Illinois Class and FLSA Collective on behalf of individuals who worked as Treasury Services Advisors and who were misclassified as exempt from earned overtime wages.

**Altnor v. Preferred Freezer Services, Inc.**           **7/18/16 – Final Approval**
No. 14-cv-7042 (United States District Court for the Eastern District of Pennsylvania)
-The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid meal break work for a class of 80 cold storage warehouse workers.

**Lukas v. Advocate Health Care**                        **6/29/16 – Final Approval**
No. 14-cv-2740 (United States District Court for the Northern District of Illinois)
-The Court granted final approval of a $4,750,000 settlement for a federal FLSA and Illinois Minimum Wage Law collective class of home health care clinicians who were wrongly classified as "exempt" from federal and state overtime laws.

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 9 of 19

6

**Kurgan v. Chiro One Wellness Centers LLC**                    4/27/16 – Final Approval
No. 10-cv-1899 (United States District Court for the Northern District of Illinois)
-The Court granted Plaintiffs' motion for Section 216(b) certification of Plaintiffs' FLSA claim,
granted Rule 23 certification of Plaintiffs' claims under the Illinois Minimum Wage Law and
appointed Stephan Zouras, LLP as counsel for a class of chiropractic technicians and assistants.

**Heba v. Comcast**                    4/6/16 – Final Approval
No. 12-471 (First Judicial District of Pennsylvania Court of Common Pleas of Philadelphia)
-The Court granted class certification to Customer Account Executives who worked at Comcast's
Pennsylvania call centers and were required to work 15 minutes a day before their scheduled start
time without pay. As lead counsel, Stephan Zouras, LLP achieved a favorable resolution for over
6,000 class members.

**Johnson v. Casey's General Stores, Inc.**                    3/3/16 – Final Approval
No. 15-cv-3086 (United States District Court for the Western District of Missouri)
-The Court granted final approval on behalf of a certified class of employees of Casey's General
Stores, Inc. to redress violations of the Fair Credit Reporting Act (FCRA).

**Fields v. Bancsource, Inc.**                    2/3/16 – Final Approval
No. 14-cv-7202 (United States District Court for the Northern District of Illinois)
-The Court entered an order granted Plaintiffs' motion for Section 216(b) certification of a class
of field engineers who were deprived of overtime for hours worked in excess of 40 in given
workweeks.

**Elder, et al. v. Comcast Corporation**                    1/11/16 – Final Approval
No. 12-cv-1157 (United States District Court for the Northern District of Illinois)
-The Court granted Plaintiffs' motion for conditional certification and appointed Stephan Zouras,
LLP as counsel for a class of cable technicians who allege they were deprived of overtime wages
in violation of federal law.

**Posada, et al. v. Continental Home Loans, Inc.**                    1/13/16 - Final Approval
15-cv-4203 (United States District Court for the Eastern District of New York)
-Stephan Zouras, LLP was appointed class counsel and achieved a substantial settlement on behalf
of a class of loan officers deprived of minimum and overtime wages.

**Struett v. Susquehanna Bank**                    10/27/15 – Final Approval
No. 15-cv-176 (United States District Court for the Eastern District of Pennsylvania)
-The firm's attorneys served as co-lead counsel in this lawsuit which recovered $300,000 in unpaid
overtime wages for 31 misclassified loan officers.

**Faust, et al. v. Comcast Corporation**                    10/11/15 - Final Approval
No. 10-cv-2336 (United States District Court for the Northern District of Maryland)
-The Court granted Plaintiffs' motion for conditional certification and appointed Stephan Zouras,
LLP lead counsel for a class of call center employees.

**Butler, et al. v. Direct Sat**                    9/3/15 - Final Approval
No. 10-cv-08747 DKC (United States District Court for the District of Maryland)
-Stephan Zouras, LLP reached favorable resolution on behalf of a finally-certified collective class
of technicians working in DirectSat's Maryland warehouses who were not paid overtime

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 10 of 19

7

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 11 of 19

**Sosnicki v. Continental Home Loans, Inc.**                    **7/30/15 - Final Approval**
No. 12-cv-1130 (United States District Court for the Eastern District of New York)
-As lead class counsel, Stephan Zouras, LLP achieved a six figure settlement on behalf of a collective class of loan officers who were deprived of minimum wages and overtime in violation of federal and state law.

**Bordell v. Geisinger Medical Center**                    **4/8/15 – Final Approval**
No. 12-cv-1688 (Northumberland Court of Common Pleas)
-The firm's attorneys served as lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and recovered $499,000 in unpaid overtime wages for hospital workers.

**Harvey, et al. v. AB Electrolux, et al.**                    **3/23/15 – Final Approval**
No. 11-cv-3036 (United States District Court for the Northern District of Iowa)
-As lead counsel, Stephan Zouras, LLP achieved a six figure settlement amount on behalf of hundreds of production workers seeking unpaid earned wages.

**Price v. NCR Corporation**
No. 51-610-908-12 (AAA Arbitration)                    **3/18/15 – Final Approval**
- As lead class counsel, Stephan Zouras, LLP achieved a seven figure, arbitrator approved settlement on behalf of thousands of Customer Engineers nationwide who were deprived overtime wages in violation of federal law.

**Frebes, et al. v. Mask Restaurants, LLC**                    **1/15/15 – Final Approval**
No. 13-cv-3473 (United States District Court for the Northern District of Illinois)
- Stephan Zouras, LLP was appointed class counsel and achieved a substantial settlement on behalf of hundreds of servers, bartenders and bussers forced to participate in an illegal "tip pool."

**Jones v. Judge Technical Services Inc.**                    **12/15/14 – Final Approval**
No. 11-cv-6910 (United States District Court for the Eastern District of Pennsylvania)
-As lead class counsel, Stephan Zouras, LLP prevailed on summary judgment and subsequently achieved a seven figure settlement on behalf of IT workers who were designated under the "Professional Day" or "Professional Week" compensation plan, misclassified as exempt from the FLSA and denied overtime pay.

**Howard, et al. v. Securitas Security Services USA, Inc.**                    **5/7/14 – Final Approval**
No. 08-cv-2746 (United States District Court for the Northern District of Illinois)
**and Hawkins v. Securitas Security Services USA, Inc.**
No. 09-cv-3633 (United States District Court for the Northern District of Illinois)
-For settlement purposes, the Court certified a class of approximately ten thousand security guards seeking damages for unpaid wages and overtime under the FLSA and Illinois Minimum Wage Law.

**Thomas v. Matrix Corporation Services**                    **2/12/14 – Final Approval**
No. 10-cv-5093 (United States District Court for the Northern District of Illinois)
-As lead counsel, Stephan Zouras, LLP achieved a six figure settlement on behalf of a class of hundreds of technicians who allege they were deprived of overtime wages in violation of federal law.

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 12 of 19

**Ingram v. World Security Bureau**                    **12/17/13 – Final Approval**
No. 11-cv-6566 (United States District Court for the Northern District of Illinois)
-Stephan Zouras secured a class settlement on behalf of several hundred security officers deprived
of minimum wages and overtime in violation of federal and state law.

**Sexton v. Franklin First Financial**                    **9/30/13 – Final Approval**
No. 08-cv-04950 (United States District Court for the Eastern District of New York)
-Stephan Zouras, LLP achieved a settlement on behalf of a class of approximately 150 loan officers
deprived of minimum wages and overtime in violation of the FLSA.

**Outlaw v. Secure Health, L.P.**                    **9/24/13 – Final Approval**
No. 11-cv-602 (United States District Court for the Eastern District of Pennsylvania)
-The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid
pre-shift, meal break and uniform maintenance work for a class of 35 nursing home workers.

**Robinson v. RCN Telecom Services, Inc.**                    **8/5/13 – Final Approval**
No. 10-cv-6841 (United States District Court for the Eastern District of Pennsylvania)
-The firm's attorneys served as co-lead counsel in this lawsuit which recovered $375,000 in unpaid
overtime wages for misclassified cable television installers.

**Holland v. Securitas Security Services USA, Inc.**                    **7/26/13- Final Approval**
No. BC 394708 (Superior Court of California, County of Los Angeles)
-As class counsel, Stephan Zouras, LLP achieved a six figure settlement on behalf of thousands of
security officers who allege they were deprived of overtime wages in violation of federal law.

**Jankoski v. Heath Consultants, Inc.**                    **7/2/13 - Final Approval**
No. 12-cv-04549 (United States District Court for the Northern District of Illinois)
-Stephan Zouras, LLP was appointed lead counsel and achieved a settlement on behalf of gas
management technicians deprived of minimum wages and overtime in violation of the FLSA.

**Ord v. First National Bank of Pennsylvania**                    **6/21/13 – Final Approval**
No. 12-cv-766 (United States District Court for the Western District of Pennsylvania)
-The firm's attorneys served as co-lead counsel in this consumer fraud lawsuit which recovered
$3,000,000 for consumers who had been made to pay improper overdraft fees.

**Holley v. Erickson Living Management, LLC**                    **6/13/13 – Final Approval**
No. 11-cv-2444 (United States District Court for the Eastern District of Pennsylvania)
-The firm's attorneys served as lead counsel in this lawsuit seeking recovery of wages for unpaid
pre-shift and meal break work for a class of 63 nursing home workers.

**Hansen, et al. v. Per Mar Security Services**                    **5/15/13 - Final Approval**
No. 09-cv-459 (United States District Court for the Southern District of Iowa)
-Stephan Zouras, LLP was appointed class counsel and secured a settlement for hundreds of
security guards deprived of minimum wages and overtime in violation of federal and state law.

**Pomphrett v. American Home Bank**                    **3/14/13 – Final Approval**
No. 12-cv-2511 (United States District Court for the Eastern District of Pennsylvania)
-The firm's attorneys served as co-lead counsel in this lawsuit which recovered $2,400,000 in
unpaid overtime wages for misclassified loan officers.

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 13 of 19

**Murphy v. Rayan Brothers, et al.**                    **2/22/13 - Final Approval**
No. 11 CH 03949 (Circuit Court of Cook County, Chancery Division, State of Illinois)
-Stephan Zouras, LLP achieved class wide recovery on behalf of a class of tenants for violations of the Chicago Residential Landlord and Tenant Ordinance (RLTO).

**Glatts v. Crozer-Keystone Health System**            **2/6/13 – Final Approval**
No. 0904-1314 (Philadelphia Court of Common Pleas)
-The firm's attorneys served as co-lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and recovered $1,200,000 in unpaid overtime wages for hospital workers.

**Chambers v. Front Range Environmental, LLC**         **1/23/13 - Final Approval**
No. 12-cv-891 (United States District Court for the Northern District of Illinois)
-Stephan Zouras, LLP was appointed as class counsel and resolved this action on behalf of a class of maintenance workers.

**Piehl v. Baytree National Bank**                     **1/3/13 - Final Approval**
No. 12-cv-1364 (United States District Court for the Northern District of Illinois)
-Stephan Zouras, LLP was appointed class counsel and resolved this action on behalf of a class of Indiana loan officers who were paid on a commission-only basis and deprived of earned minimum wage and overtime in violation of the FLSA.

**Searson v. Concord Mortgage Corporation**            **11/19/12 - Final Approval**
No. 07-cv-3909 (United States District Court for the Eastern District of New York)
-Stephan Zouras, LLP achieved a settlement on behalf of a class of 80 loan officers deprived of minimum wages and overtime in violation of the FLSA.

**Ellenbecker, et al. v. North Star Cable Construction, Inc., et al.**  **11/14/12 - Final Approval**
No. 09-cv-7293 (United States District Court for the Northern District of Illinois)
-Stephan Zouras, LLP obtained Rule 23 certification, were appointed lead counsel, and achieved a significant monetary resolution for a class of several hundred cable technicians seeking unpaid overtime wages and the recovery of improper deductions from their pay.

**Williams, et al. v. Securitas Security Services USA, Inc.**  **11/8/12 - Final Approval**
No. 10-cv-7181 (United States District Court for the Eastern District of Pennsylvania)
-As lead class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a class of Pennsylvania security guards who were not paid for all time spent in training and orientation.

**Lacy, et al. v. The University of Chicago Medical Center**  **11/6/12 - Settlement**
No. 11-cv-5268 (United States District Court for the Northern District of Illinois)
-As lead class counsel, Stephan Zouras, LLP achieved a FLSA settlement for a collective class of hospital respiratory therapists.

**Molyneux, et al. v. Securitas Security Services USA, Inc.**  **11/5/12 - Final Approval**
No. 10-cv-588 (United States District Court for the Southern District of Iowa)
-As lead class counsel, Stephan Zouras achieved a settlement on behalf of a class of Iowa and Wisconsin security guards who were not paid for all time spent in training and orientation.

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 14 of 19

**Davis v. TPI Iowa, LLC**           **9/6/12 - Final Approval**
No. 11-cv-233 (United States District Court for the Southern District of Iowa)
-As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of production employees.

**Kernats, et al. v. Comcast Corporation**      **5/28/12 - Final Approval**
No. 09-cv-3368 (United States District Court for the Northern District of Illinois)
-As lead class counsel, Stephan Zouras, LLP achieved a seven-figure settlement on behalf of over 7,500 Customer Account Representatives (CAEs) for unpaid wages in a Rule 23 class action brought under Illinois wage law.

**Garcia, et al. v. Loffredo Fresh Produce Co., Inc.**    **5/24/12 - Final Approval**
No. 11-cv-249 (United States District Court for the Southern District of Iowa)
-As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of produce processing employees.

**Larsen, et al. v. Clearchoice Mobility, Inc., et al.**    **3/21/12 - Final Approval**
No. 11-cv-1701 (United States District Court for the Northern District of Illinois)
-Stephan Zouras, LLP achieved an FLSA settlement on behalf of a collective class of retail sales consultants.

**Etter v. Trinity Structural Towers**        **1/26/12 - Final Approval**
No. 11-cv-249 (United States District Court for the Southern District of Iowa)
-As class counsel, Stephan Zouras, LLP achieved a settlement on behalf of a collective class of production employees.

**Petersen, et al v. Marsh USA, Inc. et al.**      **9/21/11 - Final Approval**
No. 10-cv-1506 (United States District Court for the Northern District of Illinois)
-Stephan Zouras, LLP achieved a six figure settlement on behalf of over 30 analysts who claimed they were misclassified under the FLSA.

**Thompson v. World Alliance Financial Corp.**    **8/5/11 - Final Approval**
No. 08-cv-4951 (United States District Court for the Eastern District of New York)
-Stephan Zouras, LLP were appointed lead counsel and achieved a settlement on behalf of a class of over one hundred loan officers deprived of minimum wages and overtime in violation of federal and state law.

**Vaughan v. Mortgage Source LLC, et al.**      **6/16/11 - Final Approval**
No. 08-cv-4737 (United States District Court for the Eastern District of New York)
-Stephan Zouras, LLP were appointed lead counsel and achieved a settlement on behalf of a class of loan officers deprived of minimum wages and overtime in violation of federal and state law.

**Harris, et al. v. Cheddar's Casual Cafe, Inc.**      **6/1/11 - Final Approval**
No. 51 460 00557 10 (AAA Arbitration)
-Stephan Zouras served as lead counsel in six-figure class settlement on behalf of over 100 restaurant workers deprived of minimum wages and overtime.

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 15 of 19

**Turner v. Mercy Health System**        **4/20/11 – Final Approval**
No. 0801-3670 (Philadelphia Court of Common Pleas)
-The firm's attorneys served as co-lead counsel in this lawsuit which challenged Defendant's workweek averaging practices and, in a case of first impression, recovered $2,750,000 in unpaid overtime wages for hospital workers.

**Brown et al. v. Vision Works, et al.**        **3/4/11 - Final Approval**
No. 10-cv-01130 (United States District Court for the Northern District of Illinois)
-As lead class counsel, Stephan Zouras, LLP achieved a settlement on behalf of retail store managers improperly classified as exempt from overtime.

**Havard v. Osceola Foods, Inc., et al.**        **2/28/11 - Final Approval**
No. LA CV 0111290 (Iowa District for Clarke County, Iowa)
-As lead class counsel, Stephan Zouras, LLP achieved a class settlement on behalf of meat processing plant employees who were not properly paid for donning and doffing activities performed before their shifts, during meal breaks and after their shifts.

**Lagunas v. Cargill Meat Solutions Corp.**        **1/27/11 - Final Approval**
No. 10-cv-00220 (United States District Court for the Southern District of Iowa)
-Stephan Zouras, LLP served as co-lead counsel in class settlement on behalf of meat processing plant employees who were not properly paid for donning and doffing activities performed before their shifts, during meal breaks and after their shifts.

**Anderson v. JCG Industries, Inc.**        **9/2/10 - Final Approval**
No. 09-cv-1733 (United States District Court for the Northern District of Illinois)
-As lead class counsel, Stephan Zouras, LLP achieved a six-figure settlement on behalf of meat processing plant employees who were not properly paid for time worked before their shifts, during meal breaks and after their shifts.

**Cedeno, et al. v. Home Mortgage Desk, Corp., et al.**        **6/15/10 - Final Approval**
No. 08-cv-1168 (United States District Court for the Eastern District of New York)
-Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a six figure settlement on behalf of a Section 216(b) collective class of loan officers deprived of overtime wages.

**Perkins, et al. v. Specialty Construction Brands, Inc.**        **11/15/09 - Final Approval**
No. 09-cv-1678 (United States District Court for the Northern District of Illinois)
-As lead class counsel, Stephan Zouras, LLP achieved a six figure wage and hour settlement on behalf of a collective class of plant employees for claims of unpaid overtime, including time worked before the start of their shifts, during breaks and after the end of their shifts.

**Wineland, et al. v. Casey's General Stores, Inc.**        **10/22/09 - Final Approval**
No. 08-cv-00020 (United States District Court for the Southern District of Iowa)
-Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a seven figure settlement on behalf of a Section 216(b) collective class and Rule 23 class of over 10,000 cooks and cashiers for unpaid wages, including time worked before and after their scheduled shifts and while off-the-clock.

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 16 of 19

**Jones, et al. v. Casey's General Stores, Inc.**                **10/22/09 - Final Approval**
No. 07-cv-400 (United States District Court for the Southern District of Iowa)
-Stephan Zouras, LLP along with co-counsel was appointed lead counsel and achieved a seven figure settlement on behalf of a Section 216(b) collective class and Rule 23 class of assistant store managers for unpaid wages, including time worked before and after their scheduled shifts and while off-the-clock.

**Stuart, et al. v. College Park, et al.**                **12/11/07 - Final Approval**
No. 05 CH 09699 (Circuit Court of Cook County, Chancery Division, State of Illinois)
-The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking the refund of their security deposits. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six figure settlement on behalf of a class of over 100 tenants.

**Huebner et al. v. Graham C Stores**                **11/15/07 - Final Approval**
No. 06 CH 09695 (Circuit Court of Cook County, Chancery Division, State of Illinois)
-Ryan Stephan of Stephan Zouras, LLP served as co-lead counsel in this wage and hour case involving claims for unpaid wages by a class of gas station employees. Mr. Stephan helped achieve a six figure settlement for over 100 employees.

**Perez, et al. v. RadioShack Corporation**                **9/14/07 - Final Approval**
No. 02-cv-7884 (United States District Court for Northern District of Illinois)
-The firm's partners served as co-lead counsel in this nationwide Fair Labor Standards Act ("FLSA") overtime action brought on behalf of 4,000 retail store managers. Plaintiffs claimed they were improperly classified as exempt from the FLSA and owed overtime compensation for all hours worked in excess of 40 each week. In a case of first impression, the Court granted summary judgment in favor of a sub-class of Plaintiffs who did not "regularly and customarily" supervise at least 80 hours of subordinate time per week at least 80% of the time as required by the executive exemption of the FLSA. The reported decision is *Perez v. RadioShack Corp.*, 386 F. Supp. 979 (N.D. Ill. 2005). As a result of the efforts of Plaintiffs' counsel, Plaintiffs obtained a nearly $9 million settlement on the eve of trial.

**Reinsmith, et al. v. Castlepoint Mortgage**                **4/3/07 - Final Approval**
No. 05-cv-01168 (United States District Court, Eastern District of Massachusetts)
-The firm's partners served as co-lead counsel in this action brought on behalf of a collective class of loan officers seeking to recover unpaid overtime. Mr. Stephan and Mr. Zouras helped achieve a seven-figure settlement on behalf of over 100 loan officers in this case.

**Kutcher, et al. v. B&A Associates**                **11/20/06 - Final Approval**
No. 03 CH 07610 (Circuit Court of Cook County, Chancery Division, State of Illinois)
-The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking damages based on alleged security deposit violations. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six figure settlement on behalf of a class of over 100 tenants.

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 17 of 19

**Ciesla, et al. v. Lucent Technologies, Inc.**                7/31/06 - Final Approval
No. 05-cv-1641 (United States District Court for the Northern District of Illinois)
-The firm's partners served as co-lead counsel in this breach of contract class action against a high-tech communications company. Mr. Stephan and Mr. Zouras helped obtain a seven figure settlement on behalf of the class.

**Casale, et al. v. Provident Bank**                7/25/05 - Final Approval
No. 04-cv-2009 (United States District Court for the District of New Jersey)
-The firm's partners served as co-lead counsel in this case brought on behalf of a collective class of over 100 loan officers who were seeking damages based on wage and hour violations of the FLSA. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a seven figure settlement on behalf of the Plaintiffs.

**Corbin, et al. v. Barry Realty**                3/22/05 - Final Approval
No. 02 CH 16003 (Circuit Court of Cook County, Chancery Division, State of Illinois)
-The firm's partners served as co-lead counsel in this case brought on behalf of a class of tenants who were seeking the refund and interest on their security deposits as called for by the Chicago Residential Landlord Tenant Ordinance. As a result of their efforts, Mr. Stephan and Mr. Zouras helped achieve a six-figure settlement on behalf of a class of over 100 tenants.

## REPRESENTATIVE CURRENT CLASS AND COLLECTIVE ACTIONS

**Courts have appointed the firm's partners and associate attorneys as lead or co-lead counsel in numerous pending class and collective actions they are actively litigating including:**

**Higgins v. Bayada Home Health Care, Inc.**                12/1/16
No. 3:16-cv-2382 (United States District Court for the Middle District of Pennsylvania)
- Stephan Zouras, LLP represents current and former home health clinicians, which include registered nurses, occupational therapists, physical therapists, medical social workers and speech language pathologists employed by Bayada Home Health Care, Inc. Plaintiffs allege that Bayada wrongfully classified them as "exempt" from both federal and state overtime laws, depriving them of earned wages, including overtime wages.

**Brown v. Health Resource Solutions, Inc.**                11/22/16
No. 1:16-cv-10667 (United States District Court for the Northern District of Illinois)
- Stephan Zouras, LLP represents a collective class of home health care clinicians employed by Health Resource Solutions, Inc. alleging they were misclassified as exempt from the overtime provisions of federal and state wage and hour laws, effectively depriving them of certain earned regular and overtime wages.

**Donoghue v. Verizon Communications, Inc.**                9/1/16
No. 16-cv-4742 (United States District Court for the Eastern District of Pennsylvania)
- Stephan Zouras LLP represents wireline workers who were hired to fill in for Verizon employees during a strike. Despite regularly working 65 hours per week, these employees were classified as exempt and denied overtime wages.

14

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 18 of 19

**Fries v. Residential Home Health, LLC**                                            3/28/16
No. 1:16-cv-03727 (United States District Court for the Northern District of Illinois)
-Stephan Zouras, LLP represents current and former home health care clinicians, which include registered nurses, occupational therapists, physical therapists and speech language pathologists employed by Residential Home Health Care, LLC. Plaintiffs allege that Residential wrongly classified Clinicians as "exempt" from federal and state overtime laws to deprive them of significant earned wages.

**Oaks v. Sears**                                                                    3/23/16
No. 1:15-cv-11318 (United States District Court for the Northern District of Illinois)
-The Court appointed Stephan Zouras, LLP lead counsel to represent hundreds of consumers who own or once owned Sears Kenmore grills in a product defect class action.

**Galt v. Eagleville Hospital**                                                      12/30/15
No. 15-cv-6851 (United States District Court for the Eastern District of Pennsylvania)
-Stephan Zouras LLP represents current and former healthcare providers employed by Eagleville Hospital in this case seeking to recover unpaid overtime wages for meal break work.

**Hauser v. Alexian Brothers Home Health**                                          7/24/15
No. 15-cv-6462 (United States District Court for the Northern District of Illinois)
-Stephan Zouras, LLP is prosecuting an action under the Fair Labor Standards Act and Illinois wage law for a conditionally certified class of home health care clinicians who were misclassified as "exempt" and deprived of earned overtime wages.

**Goh v. NCR Corporation**                                                          6/26/15
Case No. 01-15-0004-0067 (AAA Arbitration)
-Stephan Zouras is prosecuting an action under the Fair Credit Reporting Act (FCRA) on behalf of thousands of aggrieved employees of NCR throughout the United States.

**Korenblum v. Citigroup, Inc.**                                                    4/30/15
No. 15-cv-3383 (United States District Court for the Southern District of New York)
-Stephan Zouras, LLP, represents current and former information technology workers for Citigroup, Inc. who were required to work more than 40 hours per week without overtime pay.

**Gursky v. Citigroup**                                                             4/23/15
No. 8:15-cv-02887-SCB-MAP (United States District Court Middle District of Florida Tampa Division)
-Stephan Zouras, LLP currently represents current and former IT employees seeking unpaid overtime wages against Citigroup. Plaintiffs allege that Citi often hired these IT workers IT through staffing agencies but controlled their work and terms of employment. Additionally, Plaintiffs allege that they worked more than 40 hours per week, but were not paid for all the overtime they worked.

**Ray v. Dish Network**                                                             4/17/15
No 01-15-0003-4651 (American Arbitration Association)
-Stephan Zouras, LLP represents individuals who worked as an Inside Sales Associate who performed work before and/or after their scheduled shifts without pay and worked in excess of 40 hours in any given work week or worked less than 40 hours bit were not paid for any such additional work and were not credited for the time expended on such work.

15

**Carver v. Presence Health Network**                                      4/2/15
No. 1:15-cv-02905 (United States District Court for the Northern District of Illinois)
-Stephan Zouras, LLP represents participants and beneficiaries of the Resurrection Health Care Defined Benefit Plan and the Provena Employees' Retirement Plan. Plaintiffs allege that Presence is violating numerous provisions of ERISA (Employee Retirement Income Security Act), including underfunding their pension plans by claiming the Plans are exempt for ERISA's protections because they are a "Church Plan."

**Albu v. The Home Depot, Inc,**                                          2/11/15
No. 15-cv-00412 (United States District Court for the Northern District of Georgia)
- Stephan Zouras, LLP recently filed a consumer class action complaint on behalf employees and service providers of Home Depot for routinely and systematically violating the Fair Credit Reporting Act.

**Tompkins v. Farmers Insurance Exchange (E.D. Pa.)**                     6/13/14
No. 14-cv-3737 (United States District Court for the Eastern District of Pennsylvania)
-The Court appointed Stephan Zouras LLP to serve as co-lead counsel in this case seeking unpaid overtime wages for misclassified loan officers and certified the case to proceed for a group of loan officers in 49-states.

**Lukas v. Advocate Health Care**                                         3/17/14
No. 14-cv-01873 (United States District Court for the Northern District of Illinois)
-Stephan Zouras represents participants and beneficiaries of the Advocate Health Care Network pension plan. Plaintiffs allege that Advocate is violating numerous provisions of ERISA (Employee Retirement Income Security Act), including underfunding the Advocate Plan by claiming the Plan is exempt from ERISA's protections because it is a "church based plan." On December 31, 2014, Federal District Court Judge Edmund Chang ruled in our favor, specifically holding, "the Advocate plan does not meet the criteria of an exempt church plan under ERISA."

**Rocha v. Gateway Financial Services (E.D. Pa.)**                        2/2/14
No. 15-cv-482 (United States District Court for the Eastern District of Pennsylvania)
-The Court appointed Stephan Zouras LLP co-lead counsel in this case seeking unpaid overtime wages for misclassified loan officers and certified the case to proceed on a collective basis for more than 100 individuals.

**Jacks, et al. v. DirectSat, USA, LLC**                                  6/19/12
No. 10-cv-1707 (United States District Court for the Northern District of Illinois)
-The Court appointed Stephan Zouras, LLP lead counsel to represent a certified class of several hundred satellite dish technicians who allege they were deprived of earned overtime wages.

**Franco, et al. v. Ideal Mortgage Bankers, d/b/a Lend America**          8/13/08
No. 07-cv-3956 (United States District Court for the Eastern District of New York)
-Stephan Zouras, LLP achieved FLSA Section 216(b) certification of a collective class of several hundred loan officers who were deprived of minimum wages and overtime in violation of federal and state law.

ELECTRONICALLY FILED
10/5/2017 4:37 PM
2017-CH-12756
PAGE 19 of 19

16

Order                                                    (Rev. 02/24/05) CCG N002

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Watts

v.

No. 2017-Ch- 000086
12756

Aurora Chicago Lakeshore
Hospital LLC, et. al.    **ORDER**

Plaintiffs Motion for class certification
entered + continued to January 19, 2018.
at 9:30 am.

**ENTERED**
JUDGE DIANE J. LARSEN-1771

OCT 17 2017

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK

Attorney No.: 40980

Name: HALEY JENKINS                    **ENTERED:**

Atty. for: Plaintiff

Address: 205 N. Michigan Ste. 2860     Dated: _____ , _____

City/State/Zip: Chicago IL 60601

Telephone: 312.233.1550.

_____          _____
Judge                                      Judge's No.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

# Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WYESHA WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. |
| | ) | |
| AURORA CHICAGO LAKESHORE | ) | |
| HOSPTIAL, LLC, d/b/a CHICAGO | ) | JURY DEMANDED |
| LAKESHORE HOSPITAL; SIGNATURE | ) | |
| HEALTHCARE SERVICES, LLC; KRONOS, | ) | |
| INC., | ) | |
| | ) | |
| | ) | |
| | ) | |

## DECLARATION OF MARY A. SMIGIELSKI, ESQ.

I, Mary A. Smigielski, do declare the following:

1.      I am over the age of eighteen and I have personal knowledge of the contents of this declaration and, if called to trial, could competently testify thereto.

2.      I am a Partner at Lewis Brisbois Bisgaard & Smith, LLP, counsel for Defendants Signature Healthcare Services, LLC ("Signature Healthcare") and Aurora Chicago Lakeshore Hospital, LLC ("Aurora Chicago"). In my capacity as counsel for Defendants Signature Healthcare and Aurora Chicago, I am familiar with the facts alleged in this case, the status of the pleadings, and all records currently on file in the Chancery Division of the Circuit Court of Cook County, Illinois, where this matter was originally filed on September 20, 2017.

3.      According to the Affidavit of Service filed in the Chancery Division of the Circuit Court of Cook County, Illinois on September 27, 2017, Defendant Signature Healthcare Services, LLC was served with the Summons and Complaint in this matter on September 25, 2017.

4840-4078-7282.1

4.     According to the Affidavit of Service filed in the Chancery Division of the Circuit Court of Cook County, Illinois on September 27, 2017, Defendant Aurora Chicago Lakeshore Hospital, LLC was served with the Summons and Complaint in this matter on September 25, 2017.

5.     Although no Affidavit of Service is contained in the court file, on October 24, 2017, I spoke with Joseph A. Strubbe of Vedder Price P.C., Counsel for Defendant Kronos Incorporated, who informed me that Defendant Kronos Incorporated was served with the Summons and Complaint in this matter on October 5, 2017.

6.     On October 24, 2017, Mr. Strubbe consented, on behalf of Defendant Kronos Incorporated, to the removal of this action pursuant to 28 U.S.C. § 1446(b)(2)(A).

Pursuant to 28 U.S. Code § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on this **25** day of ____October____, 2017.

By: _____
　　Mary A. Smigielski, Esq.

Mary A. Smigielski (ARDC No. 6243913)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 345-1718
F: (312) 345-1778
Mary.Smigielski@lewisbrisbois.com

# Exhibit C

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

WYESHA WATTS,                                     )
                                                  )
              Plaintiff,                )
v.                                                )
                                                  ) NO.
AURORA CHICAGO LAKESHORE                          )
HOSTPIAL, LLC, d/b/a CHICAGO                       )
LAKESHORE HOSTPIAL; SIGNATURE                      ) JURY DEMANDED
HEALTHCARE SERVICES, LLC; KRONOS,                 )
INC.,                                             )
                                                  )
              Defendants,               )
                                                  )

## DECLARATION OF DAVID FLETCHER-JANZEN

I, David Fletcher-Janzen, do declare the following:

1.      I am over the age of eighteen and I have personal knowledge of the contents of this declaration and, if called to trial, could competently testify thereto.

2.      I am the Chief Executive Officer ("CEO") of Aurora Chicago Lakeshore Hospital, LLC ("Aurora Chicago"), a co-Defendant in the above-entitled action. I have been employed by Aurora Chicago as CEO since May 7, 2017.

3.      In my capacity as the CEO of Aurora Chicago, I have access to the employment records all of Aurora Chicago's employees and am familiar with the timekeeping practices for non-exempt employees of Aurora Chicago.

4.      Aurora Chicago utilizes equipment developed and marketed by Kronos Incorporated ("Kronos") to verify non-exempt employees' identities when they clock in for work. As part of the enrollment process for this equipment, an algorithm creates a template using employees'

fingerprints. The templates are then stored in a secure database and used to verify employees' identities by comparison with the employees' fingerprints upon arrival at our facility.

5.     Aurora Chicago began using Kronos timekeeping equipment that uses employees' fingerprints as a means of authentication at our facility on approximately March 17, 2015.

6.     Based on records maintained by Aurora Chicago, as of October 10, 2017, 723 current or former non-exempt employees of Aurora Chicago have been registered in the Kronos systems using their fingerprints as a means of authentication. Since March 17, 2015, each non-exempt employee of Aurora Chicago used their fingerprints to clock in for each shift they worked at Aurora Chicago.

Pursuant to 28 U.S. Code § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on this 2̲0̲ᵗʰ day of ___O̲c̲t̲o̲b̲e̲r̲___, 2017.

By: _____
     David Fletcher-Janzen

Mary A. Smigielski (ARDC No. 6243913)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 345-1718
F: (312) 345-1778
Mary.Smigielski@lewisbrisbois.com

# Exhibit D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| WYESHA WATTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. |
| | ) | |
| AURORA CHICAGO LAKESHORE | ) | |
| HOSPTIAL, LLC, d/b/a CHICAGO | ) | JURY DEMANDED |
| LAKESHORE HOSPITAL; SIGNATURE | ) | |
| HEALTHCARE SERVICES, LLC; KRONOS, | ) | |
| INC., | ) | |
| | ) | |
| | ) | |
| | ) | |

## DECLARATION OF LAURA SANDERS

I, Laura Sanders, do declare the following:

1.      I am over the age of eighteen and I have personal knowledge of the contents of this declaration and, if called to trial, could competently testify thereto.

2.      I am the Senior Vice President/General Counsel of Signature Healthcare Services, LLC ("Signature Healthcare"), a co-Defendant in the above-entitled action. I have been employed by Signature Healthcare since June 1997.

3.      In my capacity as the Senior Vice President/General Counsel, I have oversight of and am responsible for all legal affairs of Signature Healthcare, including local, state, and federal compliance, corporate transactions, and membership structure. As such, I have first-hand knowledge of Signature Healthcare's operations and ownership structure.

4.      Signature Healthcare is a Michigan limited liability company. It owns fifteen subsidiary behavioral health hospitals throughout the country, including co-Defendant Aurora Chicago Lakeshore Hospital, LLC ("Aurora Chicago").

5.       The sole member of Signature Healthcare Services, LLC, is a Michigan resident.

6.       Signature Healthcare maintains two corporate offices.  One office is located in Corona, California where Signature Healthcare's Chief Executive Officer, Chief Financial Officer, Chief Accounting Officer, Executive Vice President, and Corporate Vice President of Clinical Services are based.  The other office is located in Troy, Michigan, where its Legal Department, Accounting Department, and Human Resources Departments are based.  Signature Healthcare manages its day-to-day operations and makes all corporate decisions at or between these two offices.

7.       Neither Signature Healthcare nor Aurora Chicago are governmental entities, state entities, or state officials.

Pursuant to 28 U.S. Code § 1746, I certify under penalty of perjury that the foregoing is true and correct.

Executed on this 24th day of ___October___, 2017.

By: _____
Laura Sanders

Mary A. Smigielski (ARDC No. 6243913)
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
P: (312) 345-1718
F: (312) 345-1778
Mary.Smigielski@lewisbrisbois.com