IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WYESHA WATTS, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AURORA CHICAGO LAKESHORE HOSPITAL, LLC, d/b/a CHICAGO LAKESHORE HOSPITAL; SIGNATURE HEALTHCARE SERVICES, LLC; and KRONOS, INC.,<br><br>    Defendants. | No. 1:17-cv-07713<br><br>Honorable Andrea R. Wood |

**DEFENDANT KRONOS INCORPORATED'S OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND TO STATE COURT**

**I.    INTRODUCTION**

Co-Defendants Signature Healthcare Services, LLC and Aurora Chicago Lakeshore Hospital, LLC, d/b/a Chicago Lakeshore Hospital (together, the "Signature Defendants") removed this putative class action pursuant to the Class Action Fairness Act of 2005 ("CAFA") and Defendant Kronos Incorporated ("Kronos") consented thereto. Plaintiff Wyesha Watts ("Plaintiff") now seeks remand, accusing Defendants of wrongful, abusive and contradictory forum shopping tactics by filing Rule 12(b)(6) motions to dismiss because Plaintiff has insufficiently alleged an injury or harm to render her "aggrieved" for purposes of the Illinois Biometric Information Privacy Act ("BIPA") or to support a negligence claim. Plaintiff's vitriol is misguided, however, as removal was proper under CAFA, the Article III and BIPA injury standards are not the same, and Plaintiff herself admits that the law regarding Article III and BIPA's injury requirement is not settled.

More important, in seeking remand, Plaintiff is the party who takes disingenuous and contradictory positions. Plaintiff alleges three different forms of injury in her Complaint, including invasion of privacy rights, informational harm and personal injury in the form of mental anguish. Plaintiff also argues in opposition to the 12(b)(6) motions that she is injured sufficiently to support her BIPA and negligence causes of action. At the same time, Plaintiff expressly refuses to take any position in her motion to remand as to whether she has alleged an Article III injury. Indeed, despite her evasiveness, Plaintiff would have this Court remand this case, and award her attorneys' fees and costs, without even making any finding as to whether her alleged injuries are sufficient to confer jurisdiction in this Court.

Plaintiff's refusal to take a position on her injury, as well as her request to remand this case without addressing those alleged injuries, is predictable—disavowing an Article III injury (or a finding by the Court that none exists) would undermine the legal sufficiency of her claims under settled Illinois law. And Plaintiff's "support" for remanding this case without a finding is misplaced, given that the two principal cases upon which she relies involve parties agreeing that standing was lacking or a defendant affirmatively arguing, through a subsequently withdrawn Rule 12(b)(1) motion to dismiss, that no such standing existed.

In this case, by contrast, neither the Defendants' Rule 12(b)(6) motions nor Plaintiff's motion to remand constitute a challenge to subject matter jurisdiction, impose a corresponding burden on Defendants to demonstrate Article III standing, support remand without an analysis of the sufficiency of Plaintiff's claimed injuries under Article III, or warrant an award of attorneys' fees or other costs and expenses. Indeed, remanding this case not only would subvert CAFA— which carries no anti-removal presumption or risk of non-persuasion—but granting Plaintiff's motion would mean that remand would be required at any stage of every case removed to federal court in which a defendant at some point challenges the legal sufficiency or evidentiary support

for a plaintiff's alleged injury, harm or damages. That is not the law, however, and the motion to remand should be denied.

## II. PROCEDURAL HISTORY

Plaintiff filed this putative class action in the Circuit Court of Cook County, Illinois on September 20, 2017. The first cause of action is a claim for violation of BIPA and the second cause of action is a duplicative negligence claim. The Signature Defendants timely removed this case pursuant to CAFA on October 25, 2017. (Notice of Removal [Dkt. 1].) Kronos consented to the removal. (*Id.* ¶ 6.) Thereafter, on December 1, 2017, Defendants filed motions to dismiss or, alternatively, to strike pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure. (Motions to Dismiss and/or to Strike [Dkt. 17, 20, 23].) Plaintiff responded to the motions on January 8, 2018 and, in connection therewith, also filed a motion to remand. (MTD Resp. [Dkt. 37] and Motion to Remand [Dkt. 38].)

## III. LEGAL STANDARD

A defendant may remove a state court putative class action pursuant to CAFA. 28 U.S.C. §§ 1332(d) and 1453(b). To do so, the defendant must file a notice of removal within 30 days of receiving the initial pleading setting forth the basis for removal. 28 U.S.C. § 1446(b). Once a case has been removed to federal court, a plaintiff may file a motion to remand the case based on a lack of subject matter jurisdiction at any time or for any defect other than lack of subject matter jurisdiction within 30 days of removal. 28 U.S.C. § 1447(c).

## IV. ARGUMENT

### A. CAFA Facilitates Adjudication of Class Actions in Federal Court and Kronos Properly Consented to Removal

Plaintiff contends that this case belongs in state court and that Defendants improperly removed it to "forum shop their way into federal court." (Motion to Remand at 1, 3, 5–7; MTD Resp. at 6–9.) Plaintiff is wrong, and her motion to remand ignores the importance of CAFA and

overlooks the distinction between removal based on original jurisdiction and seeking remand for a lack of subject matter jurisdiction as explained below.

1. **Removal under CAFA Was Proper**

Contrary to Plaintiff's contention, Kronos properly consented to the removal of this case in accordance with CAFA, which Congress enacted "to facilitate adjudication of certain class actions in federal court." *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017). To implement this objective, CAFA expands jurisdiction for diversity class actions by creating original jurisdiction if: (1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant; and (3) there is more than $5 million in controversy in the aggregate. *Id.*; *see also Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013) ("CAFA provides the federal district courts with 'original jurisdiction' to hear a class action if the class has more than 100 members, the parties are minimally diverse, and the matter in controversy exceeds the sum or value of $5,000,000.").

Consistent with removal under CAFA, the Notice of Removal filed by the Signature Defendants satisfied each of the necessary requirements for original jurisdiction. The proposed class contains at least 723 individuals based on Plaintiff's class definition, Plaintiff and Defendant Signature Healthcare Services, LLC are citizens of different states, and the amount in controversy if Plaintiff were to prove her allegations that Defendants willfully and/or recklessly violated BIPA in even two separate and distinct ways and recovered statutory damages for each violations amounts to more than $7 million. (Notice of Removal ¶¶ 11–28.)

Accordingly, removal under CAFA was not improper, as Plaintiff argues, and Defendants have not forum shopped their way into federal court. *Roppo*, 869 F.3d at 579 ("As in removal in non-CAFA cases, the party asserting federal jurisdiction under CAFA must establish that the requirements of § 1332(d) are satisfied."); *see also Dart Cherokee Basin Operating Co., LLC v.*

*Owens*, __ U.S. __, 135 S. Ct. 547, 554 (2014) ("[CAFA] is intended to expand substantially federal court jurisdictions over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.") (citing S. Rep. No. 109–14, p. 43 (1st Sess. 2005) as reprinted in 2005 U.S.C.C.A.N. 3, 41). Plaintiff, in fact, previously conceded that this Court has federal jurisdiction under CAFA. (Joint Initial Status Report [Dkt. 35] § 1(C).)

### 2. **Removal Does Not Require a Showing of Article III Standing**

Notwithstanding her prior acknowledgement that this Court has federal jurisdiction under CAFA, Plaintiff argues that removal was improper because Defendants were required to establish Article III standing at the time of removal and that they subsequently "abandoned their burden of proof" when they filed their motions to dismiss. (Motion to Remand at 1–3; MTD Resp. at 2, 6–7.) There is no authority, however, and none cited by Plaintiff, that a removing party must plead or prove a plaintiff's injury-in-fact or other aspects of standing under Article III because removal does not invoke subject matter jurisdiction or impose any requirements other than those set forth in CAFA. 28 U.S.C. §§ 1332(d) and 1453(b). Plaintiff conflates original jurisdiction and subject matter jurisdiction in making this argument. *Compare* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts … have *original jurisdiction* may be removed by the defendant or defendants …") *with* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks *subject matter jurisdiction*, the case shall be remanded.") (emphasis added).

Seeking to clarify the Ninth Circuit ruling in *Lee v. Am. Nat'l Ins. Co.*, Judge Kozinski correctly refuted the idea that a removing party must demonstrate Article III standing and other aspects of subject matter jurisdiction at the time of removal:

> Where the district court has "original jurisdiction" pursuant to section 1332, the case is removable and our inquiry ends. Only at the next step, when we ask whether the case should be remanded, need we address questions of standing and other aspects of "subject matter jurisdiction."

260 F.3d 997, 1008 (9th Cir. 2001) (Kozinski, J., concurring), *superseded in part on other grounds by statute as stated in Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1021 n.10 (9th Cir. 2011); *see also Marrero v. Geico Gen. Ins. Co.*, 2012 WL 13024105, at *3 (S.D. Fla. May 16, 2012) ("Questions such as whether … the plaintiff has constitutional standing to sue, whether the matter is ripe for adjudication, whether the matter is justiciable … have no bearing on the jurisdictional facts relevant to a determination of the existence of diversity jurisdiction. Thus, because § 1332's requirements were satisfied, the case was removable.").

Because these inquiries are separate and distinct, a defendant's obligation to demonstrate original jurisdiction at the time of removal does not impose any corresponding burden to establish Article III standing or, as Plaintiff also contends, concede that she has suffered an actual injury. *Dart*, 135 S. Ct. at 551–54 (holding that removal was proper where notice of removal alleged that all three CAFA requirements were satisfied, including plausible allegation that amount in controversy exceeded jurisdictional threshold); *see also Martinez v. Snapchat*, 2:16-cv-05182-SVW-FFM [Dkt. 27] (C.D. Cal. Aug. 24, 2016) ("There is no authority … that a [d]efendant must assert or establish Art. III standing in order to remove a case to Federal court.") (attached as **Exhibit 1**).

B. **There Is No Anti-Removal Presumption under CAFA and Defendants Have Not Cast Jurisdiction into Doubt**

Plaintiff also seeks remand without the necessary finding regarding the injury-in-fact requirements for Article III standing on the false premise that Defendants have "called federal jurisdiction into question" and, therefore, any doubts about the Court's jurisdiction should be resolved in favor of remand. (MTD Resp. at 6–9; Motion to Remand at 1–5.) There is no self-

contradiction by removing the case and seeking to dismiss the claims under Rule 12(b)(6). Nor do the motions to dismiss cast the propriety of removal into doubt, create a risk of non-persuasion or trigger a burden for Defendants to demonstrate Article III standing where Plaintiff has not challenged subject matter jurisdiction and declines to do so.[1]

### 1. Plaintiff Does Not Challenge Article III Standing

Plaintiff misstates the law in asserting that the party removing a case always "bears the burden of establishing federal jurisdiction." (Motion to Remand at 2–3.) That is inaccurate. The burden to demonstrate Article III standing falls on the party "asserting federal jurisdiction when it is challenged." *Daimlerchrysler v. Cuno*, 547 U.S. 332, 342 n.3 (2006) ("Whatever the parties' previous positions on the propriety of a federal forum, plaintiffs, as the parties now asserting federal jurisdiction, must make the showings required for standing."); *see also Stewart v. City of Red Wing*, 554 F. Supp. 2d 924, 930 (D. Minn. 2008) ("Thus, *even when a defendant removes a case to federal court*, the party asserting federal jurisdiction *when it is challenged* has the burden of establishing it.") (emphasis added).

Plaintiff's mandate for Defendants to defend removal and demonstrate that she has standing is misplaced because there is no challenge to subject matter jurisdiction that requires either the Signature Defendants or Kronos to establish Article III standing. A challenge to federal court jurisdiction would require Plaintiff to seek remand either because of a defect in the removal process (if made within 30 days after removal, which time period has expired) or based

---

[1] CAFA does not insulate putative class actions from standing requirements. Kronos would have the burden to demonstrate subject matter jurisdiction if Plaintiff sought remand by contending that her claims do not satisfy the standing requirements under Article III. Plaintiff, however, refuses to make a proper challenge and ignores the fact that there is no anti-removal presumption or risk of non-persuasion under CAFA that would resolve any doubts regarding jurisdiction in favor of remand. *Dart*, 135 S. Ct. at 554 ("It suffices to point out that *no anti-removal presumption attends cases invoking CAFA*, which Congress enacted to facilitate adjudication of certain class actions in federal court.") (emphasis added); *Roppo*, 869 F.3d at 578 n.22 (rejecting argument that there is a strong presumption in favor of remand because "that presumption *does not operate with respect to CAFA removal*") (emphasis added).

on a lack of subject matter jurisdiction. 28 U.S.C. § 1447(c); *see also Collier v. SP Plus Corp.*, 2017 WL 4585572, at *2 (N.D. Ill. Apr. 28, 2017) ("A plaintiff may move to remand the case on the basis of any defect in the removal, and if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Plaintiff, however, does not seek remand based on a lack of subject matter jurisdiction and, in fact, "declines to take a position on whether she would meet the standing requirements of Article III." (Motion to Remand at 1–5; MTD Resp. at 8.) Plaintiff's refusal to seek remand for lack of subject matter jurisdiction is duplicitous—as it would amount to a concession that she lacks an injury-in-fact sufficient to confer Article III standing and, thereby, controvert the allegations in her Complaint, as well as the arguments raised in opposition to the motions to dismiss, that she has suffered an injury and other legally cognizable harm.[2] (Compl. ¶¶ 36, 44–48, 75–76, 83–84; MTD Resp. at 2–3, 9–14, 19–20.)

### 2. Removal Does not Concede an Actual Injury

Rather than seek remand based on a lack of subject matter jurisdiction, Plaintiff instead argues that, by removing the case, Defendants "necessarily conceded" that she suffered an injury, but then purportedly "disclaimed" federal jurisdiction in their Rule 12(b)(6) motions to dismiss by claiming that Plaintiff has not plausibly alleged an actual injury or harm to support a BIPA claim or negligence cause of action. (Motion to Remand at 1–3, 5; MTD Resp. at 6–9.)

---

[2] Plaintiff's gamesmanship should not be rewarded with a presumption of remand where she questions subject matter jurisdiction, but refuses to take a position on Article III standing, and at the same time specifically contends that she has been injured throughout her Complaint and in opposition to the motions to dismiss. In fact, Plaintiff provides citation to Supreme Court decisions in paragraph 47 of the Complaint in hopes to validate her informational harm allegations. Tellingly, both cases involved standing to sue. *See Pub. Citizen v. US Dep't of Justice*, 491 U.S. 440, 448–451 (1989) (public interest groups had standing to appeal denial of request for information that Congress made subject to disclosure under the Federal Advisory Committee Act); *Fed. Election Comm'n v. Akins*, 524 U.S. 11, 19–20 (1998) (group of voters had standing to seek review of denial of request for information to which Congress created a right pursuant to the Federal Election Campaign Act).

Plaintiff's argument is flawed and misleading. As discussed above, removal does not implicate standing under Article III. (*See*, *supra*, at 3–6.) Therefore, Defendants did not affirmatively or effectively concede that Plaintiff suffered an injury.

Moreover, parties cannot concede subject matter jurisdiction as a matter of law and, contrary to Plaintiff's contention, Kronos did not do so by consenting to removal. *Stewart*, 554 F. Supp. 2d at 930 (rejecting argument that defendant conceded Article III standing by removing case to federal court); *Crumpacker v. Andrus*, 516 F. Supp. 286, 289 (N.D. Ind. 1981) ("Initially, the [c]ourt observes that the federal defendants' petition for removal may not be construed as a waiver of their right to challenge the jurisdiction of this [c]ourt."); *see also In re Brand Name Prescription Drugs Antitrust Litig.*, 248 F.3d 668, 670 (7th Cir. 2001) (noting in the context of removal that "objections to subject-matter jurisdiction cannot be waived").

### 3. Article III Standing and BIPA Requirements Are Not the Same

Nor is there any so-called "self-contradiction" by removing the case to federal court and seeking dismissal under Rule 12(b)(6). In making this argument, Plaintiff wrongly assumes that inquiry into standing under Article III and a right of action as a person "aggrieved" for purposes of BIPA are the same. They are not. First, Article III standing and statutory standing are not synonymous. *Vigil v. Take-Two Interactive Software, Inc.*, 2017 WL 5592589, at *2 n.3 (2d Cir. Nov. 21, 2017) (clarifying that standing under Article III concerns "the Constitutional power to adjudicate a case" and statutory standing, which is somewhat of a misnomer, means that a party "has a cause of action under a statute") (citing *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, __ U.S. __, 134 S. Ct. 1377, 1387 n.4 (2014)).

Second, numerous courts have determined that the statutory meaning of "aggrieved" is more narrow than the scope of an injury-in-fact under Article III, such that a court may have subject matter jurisdiction even though a plaintiff fails to state a claim under the statute. *Cty. of*

*Cook v. Wells Fargo & Co.*, 115 F. Supp. 3d 909, 915–19 (N.D. Ill. 2015) (holding that complaint satisfied standing requirements under Article III, but failed to state a cause of action under the Fair Housing Act because plaintiff was not an "aggrieved" person for purposes of the statute); *Friends of Trumbull v. Chi. Bd. of Educ.*, 123 F. Supp. 3d 990, 994–97 (N.D. Ill. 2015) (noting that the court had previously denied a challenge to Article III standing, but dismissed the case because plaintiff was not "aggrieved" under the Americans with Disabilities Act); *see also Thompson v. N. Am. Stainless, LP*, 562 U.S. 170, 176–78 (2011) (rejecting argument that an "aggrieved" person under Title VII is coextensive with injury-in-fact requirements of Article III and adding that such position would lead to "absurd consequences").

### 4. The Cases Cited by Plaintiff Are Inapposite

Plaintiff principally relies upon two cases in seeking remand. The first is Judge Bucklo's decision in *Mocek v. AllSaints USA Ltd.*, 220 F. Supp. 3d 910 (N.D. Ill. 2016) and the second case is Judge Durkin's more recent decision in *Barnes v. Aryzta, LLC*, 2017 U.S. Dist. LEXIS 209018 (N.D. Ill. Dec. 20, 2017), which adopts and follows the reasoning in *Mocek*. (Motion to Remand at 4; MTD Resp. at 8–9.) These decisions are not controlling here, given that both cases were remanded because, immediately following removal, the defendants sought dismissal with prejudice for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). *Mocek*, 220 F. Supp. 3d at 911; *Barnes*, 2017 U.S. Dist. LEXIS 209018, at *1–3, 10 (adding that the Defendant's strategic withdrawal of the Rule 12(b)(1) motion was a "ploy to avoid being forced out of federal court"). However, unlike in those cases, neither Kronos nor the Signature Defendants have challenged subject matter jurisdiction but, instead, seek dismissal for failure to state a claim upon which relief may be granted.

Both parties in *Mocek* believed that the case did not belong in federal court and agreed that the court did not have subject matter jurisdiction over the plaintiff's claim. 220 F. Supp. 3d

at 912. Similarly, the defendant in *Barnes* argued that subject matter jurisdiction was absent, and plaintiff was not willing to address the issue. 2017 U.S. Dist. LEXIS 209018, at *10. That is not the case here. No party in this case has challenged subject matter jurisdiction (and, therefore, Defendants have no burden to demonstrate Article III standing) and Plaintiff is unwilling to concede that she has no injury and specifically declines to take a position on whether she would meet the standing requirements of Article III. (Motion to Remand at 1–5; MTD Resp. at 8.)

Plaintiff suggests that these differences are immaterial because Defendants contend in their Rule 12(b)(6) motions to dismiss that she has not alleged any actual injury or harm. (Motion to Remand at 3, 5; MTD Resp. at 7–8.) That is beside the point because, as discussed above, inquiry into standing under Article III and a right of action as a person "aggrieved" for purposes of BIPA (or whether a plaintiff has plausibly alleged actual damages to support a negligence claim) are not the same. (*See*, *supra*, pp. 9–10.)

In addition, unlike a claim for technical violation of BIPA's notice and consent provisions,[3] post-*Spokeo* case law is not settled as to whether a bare procedural violation of a statute, standing alone, constitutes an injury-in-fact sufficient to support standing under Article III. *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S. Ct. 1540, 1549 (2016) ("[T]he violation of a procedural right granted by statute *can be sufficient in some circumstances* to constitute injury in fact.") (emphasis added). Plaintiff, moreover, acknowledges that there is a "lack of uniformity" in Article III standing jurisprudence in the BIPA context, noting the conflicting decisions in *McCollough v. Smarte Carte, Inc.*, 2016 WL 4077108, at *5 (N.D. Ill. Aug. 1, 2016) and *Monroy v. Shutterfly, Inc.*, 2017 WL 4099846, at *8 n.5 (N.D. Ill. Sept. 15, 2017).

---

[3] In *Rosenbach v. Six Flags Entm't Corp.*, the Second District court of appeals held that by limiting the right of action to persons "aggrieved by a violation of the Act," the Illinois legislature intended to include only those persons who have suffered an actual injury or adverse effect from an alleged technical or bare procedural violation of BIPA. 2017 WL 6523910, at *3–5 (Ill. App. Ct. Dec. 21, 2017). (*See also* Kronos' MTD Reply at 3–6.)

- 11 -

Furthermore, the decisions in *Mocek* and *Barnes* should not be followed to the extent that both courts disregarded the importance of removal under CAFA and the procedural distinctions between the propriety of removal, which invokes original jurisdiction, and remand, which involves subject matter jurisdiction. (*See*, *supra*, pp. 3–6.) Both decisions also overlook the implications that arise where, as here, a plaintiff seeks remand without challenging subject matter jurisdiction and refuses to stake out a position on Article III standing while arguing at the same time that she has been injured. (*Id.*, pp. 6–9.) Thus, there is no challenge to subject matter jurisdiction or any anti-removal presumption under CAFA that would resolve any doubts regarding jurisdiction in favor of remand. Under these circumstances, the Court should instead follow the decision in *Martinez* and deny the motion to remand. 2:16-cv-05182-SVW-FFM [Dkt. 27] (C.D. Cal. Aug. 24, 2016) (denying remand where the plaintiff's motion contained no allegation that the court lacked subject matter jurisdiction).

C. **Removal Was Objectively Reasonable and Plaintiff Should Not Be Awarded Attorneys' Fees, Costs or other Expenses**

To the extent that the Court has an independent obligation to ensure subject matter jurisdiction exists, it should remand the case only upon an express finding that the allegations in the Complaint do not allege an injury-in-fact and that the Court lacks Article III standing. *See Hopkins v. Staffing Network Holdings, LLC,* 2016 WL 6462095, at *4 (N.D. Ill. Oct. 18, 2016) (remanding case after defendant removed it to federal court and moved to dismiss for lack of subject matter jurisdiction because the court "conclude[d] that plaintiff has failed to allege an injury-in-fact and lacks Article III standing"). Under no set of circumstances is there grounds to award attorneys' fees or other costs to Plaintiff under 28 U.S.C. § 1447(c).[4]

---

[4] Nor should Plaintiff be awarded attorneys' fees, costs or other expenses against Kronos' attorneys for unreasonably and vexatiously multiplying the proceedings in this case under 28 U.S.C. § 1927.

Plaintiff argues that the Court should award her attorneys' fees because Defendants lacked an "objectively reasonable basis for seeking removal." (Motion to Remand at 5–7; MTD Resp. at 8 n.4.) Again, in making this argument, Plaintiff conflates original jurisdiction and subject matter jurisdiction. Removal of this case was entirely proper under CAFA. (*See*, *supra*, pp. 6–9.) Moreover, the Signature Defendants had an objectively reasonable basis for removing the case because of the "strong preference" that putative class actions such as this case be heard in a federal court in accordance with CAFA and given that, as Plaintiff herself concedes, there is a "lack of uniformity" in jurisprudence regarding Article III standing in data privacy cases. (Motion to Remand p. 5.)

Plaintiff also seeks to recover her attorneys' fees because Defendants purportedly knew or should have known that remand as opposed to dismissal with prejudice is the "only [possible] outcome" in this case based on the decisions in *Mocek* and *Barnes*. (Motion to Remand p. 5.) Not only does this assertion presume a lack of standing under Article III—for which Plaintiff herself concedes is not settled—it ignores the fact that Defendants have moved to dismiss the claims pursuant to Rule 12(b)(6) and not 12(b)(1). It also is somewhat incredulous given that *Barnes* was not decided until two months after removal.

Moreover, unlike in *Mocek*, no Defendant has sought dismissal based on a lack of subject matter jurisdiction and Plaintiff has not taken a position that the Court lacks Article III standing. This case, accordingly, is distinguishable from the set of circumstances that led to the fee award in *Mocek*. 220 F. Supp. 3d at 914–15 ("[I]t should have been obvious to defendant … that with no party asking for the merits of plaintiff's claim to be decided in federal court, and both sides arguing against federal jurisdiction, the only possible outcome was for the case to end up … in state court."); *see also Barnes*, 2017 U.S. Dist. LEXIS 209018, at *12 (awarding fees where

"Defendant has gone from arguing that this Court does not have jurisdiction to taking the position that federal jurisdiction may or may not later prove to be lacking").[5]

A New Jersey district court refused to award attorneys' fees under similar circumstances in a putative class action under a state consumer law statute notwithstanding that the court remanded the case after the defendant removed it and sought dismissal on the grounds that the plaintiff lacked Article III standing. *Brahamsha v. Supercell OY*, 2017 WL 3037382 (D.N.J. July 17, 2017). First, the New Jersey district court emphasized that the *Mocek* court did not focus on the appropriate threshold question of "whether [the] defendant possessed an objectively reasonable basis for the removal," instead improperly looking to whether the defendant "should have anticipated that once removed under CAFA, subject matter jurisdiction would subsequently be defeated by the lack of standing." *Id.* at *6. Second, the New Jersey district court correctly observed that the analysis of whether the plaintiff alleged an injury sufficient to meet the requirements of Article III "is specific to the factual allegations raised in each complaint" and that, as in this case, there was no "controlling precedent." *Id.* The court added:

> In these circumstances, I do not find it to be incumbent upon Defendant … to anticipate how this Court would rule on a Rule 12(b)(1) motion in a currently developing area of law, post-*Spokeo*, which applies a complaint-specific factual analysis. If, for example, this Court were to find that Plaintiff did plead actual injury, then the case would have proceeded in federal court because Plaintiff has not contested to this Court's subject matter jurisdiction under CAFA. Because Defendant could not ask the state court to render an advisory opinion as to whether Plaintiff's pleadings satisfied Article III, post-*Spokeo*, the only way for Defendant to have its claims heard in the federal courts, as it is admittedly entitled to do under CAFA, without conceding actual injury, was to act as it did and remove first and then move to dismiss under Rule 12(b)(1).

2017 WL 3037382, at *6. For these reasons, the court in *Brahamsha* found that the defendant had an objectively reasonable basis for removal under CAFA. The same outcome is appropriate

---

[5] The defendant in *Barnes* is appealing the award of attorneys' fees and costs. No. 17-cv-07358, Notice of Appeal dated 1/19/18 [dkt. 42].

in this case in the event that the Court were to remand this case back to state court. *See also Hopkins*, 2016 WL 6462095, at *4 (granting motion to dismiss for lack of standing under Article III and remanding case pursuant to 28 U.S.C. § 1447(c) without payment of attorneys' fees, costs or other expenses); *G.M. Sign, Inc. v. Global Shop Solutions, Inc.*, 430 F. Supp. 2d 826, 829–30 (N.D. Ill. 2006) (rejecting argument that defendant could not remove case until controlling authority settled dispute amongst lower courts concerning Article III standing for TCPA claims since "decisions of district courts are not binding precedent").[6]

## V. CONCLUSION

For all the foregoing reasons, Defendant Kronos Incorporated respectfully requests that the Court deny Plaintiff Wyesha Watts' motion to remand.

Respectfully submitted,

KRONOS INCORPORATED

By: /s/ Joseph A. Strubbe

Joseph A. Strubbe
Frederic T. Knape
Zachary J. Watters
VEDDER PRICE P.C.
222 N. LaSalle Street
Chicago, IL 60601-1003
312/609-7500
jstrubbe@vedderprice.com
fknape@vedderprice.com
zwatters@vedderprice.com

*Attorneys for Defendant Kronos Incorporated*

---

[6] Plaintiff does not cite to or rely upon any clearly established law applicable to the circumstances of this case. *In re Estate of Kuznar*, 954 F. Supp. 2d 761, 769 (N.D. Ill. 2013) (refusing to award fees in connection with remand where "clearly established law did not foreclose the defendant's basis for removal at the time of removal"); *see also Kalbfleisch v. Columbia Cmty. Unit Sch. Dist. Unit No. 4*, 644 F. Supp. 2d 1084, 1089 (S.D. Ill. 2009) ("In the Seventh Circuit objective unreasonableness of removal is established only where a removal violates Seventh Circuit law as established by the decisions of the United States Court of Appeals for the Seventh Circuit and the United States Supreme Court.") (citing *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793–94 (7th Cir. 2007)).

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that a true and correct copy of the foregoing **Defendant Kronos Incorporated's Opposition to Plaintiff's Motion to Remand to State Court** was electronically filed with the Clerk of the Court on January 29, 2018 using the CM/ECF system that will send notification of the filing to all parties of record.

/s/ Joseph A. Strubbe