IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WYESHA WATTS, individually, and on behalf of all others similarly situated, ) ) ) ) Plaintiff, ) ) ) v. ) ) AURORA CHICAGO LAKESHORE ) HOSPITAL, LLC, d/b/a CHICAGO ) LAKESHORE HOSPITAL; SIGNATURE ) HEALTHCARE SERVICES, LLC; KRONOS, ) INC., ) ) Defendants. ) | Case No. 1:17-cv-07713 Honorable Andrea R. Wood |

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO REMAND TO STATE COURT**

Defendants, having been called onto the carpet for their assertion and subsequent disavowal of federal jurisdiction, dedicate much of their responses to outright attacks on Plaintiff, never shouldering their own burden to prove that this Court has subject-matter jurisdiction over this case. But no matter how many insults Defendants hurl, one thing remains clear: Defendants attempted to assert federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1453, at removal but immediately attacked Plaintiff's standing to sue in their motions to dismiss. Defendants' "primary argument" is Plaintiff is not "aggrieved" under BIPA – which they claim is an issue of statutory interpretation despite repeating no fewer than 29 times in their combined 30 pages of motions to dismiss that Plaintiff has not suffered an "actual injury," a "concrete injury," or a "legally cognizable injury." Dkt. No. 47 at 2-3, 5-12; 49 at 3-8, 10, 15. Caught in a precarious position, Defendants now "grossly" misrepresent their own stances, denying out of the one side of their mouths that Plaintiff has been injured (and, therefore, calling their own previously-asserted

jurisdiction into question) but claiming out of the other side that federal jurisdiction exists anyway, and this Court should make a ruling on the merits instead of assuring itself of its jurisdiction. *Id*. It is black-letter law that the party invoking federal jurisdiction bears the burden of establishing subject-matter jurisdiction, which includes showing that there is Article III standing. Defendants' blatant abuse of the removal process requires not only remand to state court (and denial of their motions to dismiss as moot) but, because Defendants' failure to grasp this basic concept of federal jurisdiction when they removed to this Court was not "objectively reasonable," Plaintiff should be awarded her attorneys' fees and costs associated with the improper removal.

## ARGUMENT

While Defendants claim that their motions argue against Plaintiff's so-called "statutory standing," they, in fact, repeatedly question whether Plaintiff has suffered an actual, concrete, or legally cognizable injury. Dkt. No. 47 at 2-3, 5-12; 49 at 3-8, 10, 15. In other words, Defendants question Plaintiff's standing under Article III of the United States Constitution. Article III limits federal judicial power to specific "Cases" and "Controversies." Art. III, § 2. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). The "irreducible constitutional minimum" of standing contains three elements: (1) an injury in fact that is concrete and particularized and actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action; and (3) it is likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "[S]tanding is a threshold question in every federal case because if the litigants do not have standing the court is without authority to consider the merits of the action." *Freedom From*

*Religion Foundation, Inc. v. Zielke*, 845 F.2d 1463, 1467 (7th Cir. 1988), *citing Warth v. Seldin*, 422 U.S. 490, 498 (1975).

The fact that Defendants now question the injury-in-fact requirement here triggers ***their*** burden to prove federal jurisdiction exists. *Lindner v. Roti Restaurants, LLC*, No. 17-cv-935, 2017 WL 3130755, at *2 (N.D. Ill. July 24, 2017) ("The party invoking federal jurisdiction has the burden of establishing that it exists"), *citing Schimmer v. Jaguar Cars, Inc.*, 384 F.3d 402, 404 (7th Cir. 2004). There is no doubt that Defendants, by their removal of this lawsuit to federal court, are the parties invoking federal jurisdiction. Because they have failed to establish ***their*** burden, this case must be remanded to the Circuit Court of Cook County where it was originally filed.

I. **Defendants Failed To Prove Subject-Matter Jurisdiction Exists For This Court To Make Meritorious Rulings.**

Despite Defendants' wishes to the contrary, CAFA does not relieve them of their burden to establish subject-matter jurisdiction now that they have called it into question. *Farnik v. F.D.I.C.*, 707 F.3d 717, 721 (7th Cir. 2013) (the party asserting jurisdiction has the burden of establishing that it exists); *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009) ("The party seeking removal has the burden of establishing federal jurisdiction"). Indeed, even if Defendants properly asserted original jurisdiction under CAFA, as they claim, that does not change their subsequent attacks on whether Plaintiff suffered an injury sufficient to establish standing under Article III,[1] nor does it change the fact that Defendants failed to prove in their response federal jurisdiction exists.

---

[1] Defendant Kronos, Inc. ("Kronos") also questioned the traceability of Plaintiff's alleged injuries to Defendants' conduct with respect to Plaintiff's negligence claim. *See* Dkt. No. 47 at 11.

Regardless of whether CAFA provided a proper basis for removal,[2] subject-matter jurisdiction is necessary for this Court to make rulings on Defendants' motions to dismiss. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998) ("'Without jurisdiction the court cannot proceed at all in any cause'") (quoting *Ex parte McCardle*, 7 Wall 506, 514 (1868)). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and 'is inflexible and without exception.'" *Id*. (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)).

Throughout their motions to dismiss, Defendants call the previously-asserted federal jurisdiction into question by repeatedly claiming that Plaintiff did not suffer an actual injury, a legally cognizable injury, or a concrete injury. Dkt. No. 47 at 2-3, 5-12; 49 at 3-8, 10, 15. Though Defendants claim their attack is on "statutory standing," or statutory interpretation of BIPA, they support their claims that Plaintiff did not suffer an injury by citing almost exclusively to cases addressing Article III standing. *Id*. Defendants' motions to dismiss are jurisdictional, or Rule 12(b)(1), motions dressed up as Rule 12(b)(6) motions for failure to state a claim, undoubtedly because Defendants know that improper removal is sanctionable conduct. *See Barnes v. Aryzta, LLC*, No. 17-CV-7358, 2017 WL 6947882 (N.D. Ill. Dec. 20, 2017); *Mocek v. Allsaints USA Limited*, 220 F. Supp. 3d 910 (N.D. Ill. 2016).

Their responses in opposition to this motion fare no better. Defendants again carefully dance around the issue of subject-matter jurisdiction, failing to advocate for or against it. Defendants either have to agree that this case should be remanded and their motions to dismiss

---

[2] Defendants claim that Plaintiff "conceded" that this Court has federal jurisdiction. But as Defendants are undoubtedly aware, parties cannot concede, waive, or agree to federal jurisdiction. *See U.S. v. Adigun*, 703 F.3d 1014, 1022 (7th Cir. 2012) ("No party can waive or forfeit a lack of subject-matter jurisdiction, 'which we must enforce even if everyone else has ignored it.'" (quoting *U.S. v. Smith*, 438 F.3d 796, 799 (7th Cir. 2006)).

4

denied as moot or must concede that Plaintiff suffered an injury, neutering their own motions to dismiss. Instead, Defendants claim they have never questioned subject-matter jurisdiction and defend only their removal of this action under CAFA. *See generally* Dkt. Nos. 47, 49.

Defendants cite to a curt, four-paragraph opinion in the Central District of California to support their claims that they are not required to establish Article III standing here. *See Martinez v. Snapchat*, No. 16-cv-05182, 2016 WL 10842583 (C.D. Cal. Aug. 24, 2016). There, plaintiffs moved to remand the case back to state court, arguing that defendant failed to prove federal jurisdiction existed upon removal. *See* Plaintiff's Motion to Remand to State Court (attached hereto as Exhibit A). However, the *Martinez* plaintiffs did not actually call subject-matter jurisdiction into question. *Id.*

Here, unlike in *Martinez*, Defendants called subject-matter jurisdiction into question in their motions to dismiss. Plaintiff is not claiming Defendants had to establish Article III standing in order to remove this case. Plaintiff's argument is much simpler: Defendants, after both asserting and calling into question subject-matter jurisdiction, must now prove it exists or admit that this case should proceed in state court. Accordingly, *Martinez* is distinguishable and does not control here. Given that Defendants failed to meet – or even shoulder – ***their*** burden of proving that the Court has subject-matter jurisdiction over this case, it must be remanded to the Circuit Court of Cook County.

**II.     Neither Plaintiff Nor This Court Is Required To Prove Subject Matter Jurisdiction Exists.**

Defendants claim that Plaintiff has reversed her own position on whether she has suffered an injury sufficient to confer Article III standing and try to goad Plaintiff for declining to take a

position on whether subject-matter jurisdiction exists here. Dkt. No. 47 at 7-8, Dkt. No. 49 at 5.[3] But Plaintiff has merely pointed out that Defendants, in their motions to dismiss, question the very jurisdiction they asserted at removal. Plaintiff is not responsible for proving that Defendants' previously-asserted federal jurisdiction exists: that burden rests only with the proponent of federal jurisdiction. *Schur*, 577 F.3d at 758. Plaintiff has steadfastly maintained that this action should take place in state court, not federal: Plaintiff filed this case in state court, brought Defendants' jurisdictional about-face to the Court's attention in her response to Defendants' motions to dismiss, and moved to remand this case back to state court after Defendants called federal jurisdiction into question. *See* Dkt. Nos. 49-1 (Complaint), 37 (Plaintiff's Opposition to Defendants' Motions to Dismiss), 38 (Plaintiff's Motion to Remand). As such, Plaintiff is not required to either claim or disclaim subject-matter jurisdiction.

Like Plaintiff, this Court is not responsible for proving subject-matter jurisdiction exists for defendants. But because subject-matter jurisdiction is nonwaivable, such "delineations must be policed by the courts on their own initiative even at the highest level." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999); *see also Evergreen Square of Cudahy v. Wisc. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("federal courts are obligated to inquire into the existence of jurisdiction *sua sponte*"); 29 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded"). Accordingly, even if the parties were to ignore subject-matter jurisdiction entirely, this Court may still consider it *sua sponte* and remand if it is lacking.

### III. Defendants Carefully Refuse To Take A Position On Whether Subject Matter Jurisdiction Exists.

---

[3] "The difference between the two parties is that Plaintiff does not have to take a position on the standing issue while Defendant does, because Defendant bears the burden of establishing jurisdiction in this Court." *Barnes*, 2017 WL 6947882 at *4.

Defendants are unable to cite to a single binding authority upholding their claim that remand is not proper. Instead, Defendants dance around the issue of whether subject-matter jurisdiction exists here, refusing to affirm or deny it. As Plaintiff likewise declines to advocate for a jurisdiction she never claimed existed in a court she did not choose, the parties are at an impasse. Neither party is a proponent of subject-matter jurisdiction, making this case perfectly analogous to *Mocek* and *Barnes*.[4]

In *Mocek*, the parties agreed that the court lacked federal jurisdiction but disagreed on the proper solution: dismissal or remand. 220 F. Supp. 3d at 912. The court remanded the case, concluding "when no party shoulders the burden of proving jurisdiction, remand is required under [section] 1447(c)." *Id*. (quotation omitted). Likewise, in *Barnes*, defendant moved to dismiss under Rules 12(b)(1) and 12(b)(6) before ultimately withdrawing its Rule 12(b)(1) motion. 2017 WL 6947882, at *1-2. The defendant argued not that plaintiff had Article III standing, but that the court need not resolve the issue at that time. *Id*. at *3.[5] Again, the Court remanded and "decline[d] to decide whether there is Article III standing because neither party [was] willing to address the issue." *Id*. at 4. Here, as in *Mocek* and *Barnes*, no party has shouldered the burden of proving this Court's jurisdiction. Thus, remand is required. Accordingly, the Court should remand this case and award Plaintiff attorneys' fees and costs associated with Defendants' improper removal.

IV.   **Defendants' Deliberate Delay Of This Case Merits An Award Of Fees**

---

[4] "Any doubt regarding jurisdiction should be resolved in favor of the states" and "[c]ourts should interpret the removal statute narrowly and presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

[5] Defendants' arguments here are almost identical to the defendant's failed argument in *Barnes:* "[t]he problem with this position is that Defendant's 'wait and see' approach negates the basis on which it filed its removal petition." *Barnes*, 2017 WL 6947882, at *3.

The removal statute provides for fees where a defendant lacked an objectively reasonable basis for seeking removal, or in other unusual circumstances. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). Defendants apparently claim that they had an objectively reasonable basis to believe that the federal court had proper subject-matter jurisdiction because they removed the matter pursuit to CAFA. However, every reasonable attorney knows that removal is only appropriate where a federal court would have subject-matter jurisdiction of the claim at the outset, *Schimmer,* 384 F.3d at 404 (citing 28 U.S.C. § 1441(a)), and Article III standing is part of subject-matter jurisdiction. *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017). CAFA alone does not give a federal court subject-matter jurisdiction; the plaintiff has to have Article III standing, too. *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011) (examining Article III standing even though case met requirements of CAFA). Removing under CAFA and then moving to have the action dismissed for lack of Article III standing – dressed up as failure to state a claim – was appears to have been Defendants' entire litigation strategy in this case. As such, Defendants cannot plausibly argue that they believed this Court had subject-matter jurisdiction when they removed the case.

Nor should Defendants' conduct be excused. Defendants continue to present no reason to this Court that the case should ever have been here in the first place. Judge Bucklo was correct to award fees in *Mocek* after "defendant tried to have it both ways by asserting, then immediately disavowing, federal jurisdiction . . . [and] the only possible outcome was for the case to end up right back where it started: in state court." 220 F. Supp. 3d at 914-15 (awarding $58,112.50); *see also Barnes*, 2017 WL 6947882, at *4. Plaintiff, too, should be made whole from this needless detour and requests compensation for her attorneys' time in the amount of $42,317.50. (Decl. of Ryan F. Stephan, attached hereto as Exhibit B).

## CONCLUSION

Defendants should not be permitted to forum-shop their way into an improper dismissal. After calling federal jurisdiction into question in their motions to dismiss, Defendants have failed to prove that it exists. Because Defendants have failed to meet – or even assume – their burden of proving federal jurisdiction exists, this case must be remanded to the Circuit Court of Cook County. For these reasons and those set forth above, Plaintiff respectfully requests this Court grant her motion to remand this case to state court and award her the fees and costs associated with addressing Defendants' improper removal, including motions to dismiss.

Date:   February 9, 2018                    Respectfully Submitted,

*/s/ Haley R. Jenkins*
Ryan F. Stephan
James B. Zouras
Andrew C. Ficzko
Haley R. Jenkins
**STEPHAN ZOURAS, LLP**
205 N. Michigan Avenue
Suite 2560
Chicago, Illinois 60601
312.233.1550
312.233.1560 *f*
hjenkins@stephanzouras.com

**ATTORNEYS FOR PLAINTIFF**